SOPHIE LUHRS, Respondent, *v.* ANNA LUHRS, Substituted, etc., Appellant.

[123  367]
[131  210]

One L. became a member of a charitable organization of Kentucky having a branch lodge in this state; he received a certificate which provided, that, if in good standing at the time of his death, the association would pay a sum specified, to such member of his family or person dependent upon him as he should direct. Plaintiff, his wife, was designated as the beneficiary. The constitution of the organization provided that a member desiring to change his beneficiary, might do so at any time while in good standing, by surrendering to his lodge his benefit certificate to be forwarded to the supreme lodge, which was thereupon required to cancel the original certificate and issue a new one in lieu thereof, payable as the member directed, within the prescribed limitations; also that the beneficiary named in the last certificate should alone be entitled to the benefit. L. surrendered his benefit certificate to his lodge, with directions that a new certificate be issued payable to his sister, the defendant; this was mailed the next day to the supreme lodge and subsequently, on the same day, L. died. Two days thereafter the certificate was received at the home office, formally cancelled and another certificate, with the name of defendant as beneficiary, issued. In an action to determine who was entitled to the amount specified in the certificate, *held*, that, as L. had done all that was required of him in order to effectuate his intent to change the beneficiary and all that remained to be done was purely formal, in the doing of which the supreme lodge had no discretion, the old certificate was to be regarded as cancelled when it was properly surrendered to the branch lodge, the authorized agent of the association; that the death of L. did not operate to prevent the consummation of the surrender; and that the subsequent issuing of the new certificate, as directed, should be held to relate back to the time of the surrender.

Upon the face of each of the certificates was this printed form: "I accept this certificate upon the condition herein named," with a place left for the signature of the member; in this place in the old certificate, L.

had signed his name. It did not appear that this written acceptance was called for by the constitution or any by law of the association. *Held*, that the fact that the acceptance in the new certificate was not and could not have been signed, as L. died before its receipt, did not affect the rights of the parties.

(Argued October 10, 1890; decided October 28, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 24, 1889, which sustained exceptions taken by plaintiff at the trial and granted a new trial.

The nature of the action and the material facts are stated in the opinion.

*Daniel Cameron* for appellant. The power of a member of the Knights of Honor to change his beneficiary and the disposition of the fund, under the laws of the organization, is absolute. (*N. A. Assn.* v. *Kirgin*, 28 Mo. App. 80, 83; *S. C. R. A.* v. *Cappella*, 41 Fed. Rep. 1; *Brown* v. *G. Lodge*, 45 N. W. Rep. 884; *Barton* v. *P. R. Assn.*, 63 N. H. 535, 538; *Swift* v. *B. Assn.*, 96 Ill. 309, 314; *Richmond* v. *Johnson*, 28 Minn. 449, 450; *Lamont* v. *G. Lodge*, 31 Fed. Rep. 177, 181; *Luhrs* v. *S. Lodge*, 27 N. Y. S. R. 88; *Deady* v. *B. Assn.*, 17 J. & S. 246; Laws of 1883, chap. 175, §§ 16, 18; *Society* v. *Burkhart*, 10 N. E. Rep. 79; *S. Lodge* v. *Knight*, 117 Ind. 489; 2 Am. & Eng. Ency. of Law, 177; *B. R. Society* v. *Hanson*, 24 N. Y. S. R. 704, 705.) When a member surrenders his benefit certificate with the proper designation of a new beneficiary indorsed thereon, attested by the reporter and seal of the lodge, in accordance with the laws of the society, whatever rights the beneficiary named in the surrendered certificate had, are thereby absolutely terminated. (*N. A. Assn.* v. *Kirgin*, 28 Mo. App. 80, 82, 83; *Kepler* v. *S. Lodge*, 45 Hun, 274, 277, 278; *Manning* v. *A. O. U. W.*, 5 S. W. Rep. 385, 387; *S. C. R. A.* v. *Cappella*, 41 Fed. Rep. 1; *G. Lodge* v. *Child*, 38 N. W. Rep. 1; *Society* v. *Burkhart*, 10 N. E. Rep. 79; *Brown* v. *G. Lodge*, 45 N. W. Rep. 884; *Luhrs* v. *S. Lodge*, 27 N. Y. S. R. 88; 5 N. Y.

Supp. 901, 902; *Wendt* v. *Order Germania,* 8 N. Y. S. R. 351; *Swift* v. *R. B. Assn.,* 96 Ill. 309, 314; *Lamont* v. *G. Lodge,* 31 Fed. Rep. 177, 181; *K. of H.* v. *Watson,* 6 N. E. Rep. 888; *Gladding* v. *Gladding,* 29 N. Y. S. R. 485; *Wade* v. *Jones,* 20 Mo. 75–78.) When the member has exercised the power to change his beneficiary and the disposition of the fund as fully as he could exercise it under the laws of the organization, the contingent right of the new beneficiary to the fund, in the event of his death, attached, and the fact that the certificate was issued after his death is immaterial, since it is not the right itself, but merely the evidence of the right. (*N. A. Assn.* v. *Kirgin,* 28 Mo. App. 80, 82, 83; *Manning* v. *A. O. of U. W.,* 5 S. W. Rep. 385, 387; *S. C. R. A.* v. *Cappella,* 41 Fed. Rep. 1; *Kepler* v. *S. Lodge,* 45 Hun, 274, 277, 278; *G. Lodge* v. *Child,* 38 N. W. Rep. 1; 14 W. Rep. 454; 2 Am. & Eng. Encyc. of Law, 177; Bacon on Ben. Soc., 415; *K. of H.* v. *Nairn,* 26 N. W. Rep. 826, 829; *Bishop* v. *G. Lodge,* 112 N. Y. 627, 635; 43 Hun, 472; *Deady* v. *B. C. M. B. Assn.,* 49 J. & S. 246, 250; *Maneely* v. *K. of B.,* 9 Atl. Rep. 41.)

*Alfred Steckler* for respondent. John Luhrs having designated the plaintiff, his wife, as the beneficiary, he could not by any act of his deprive her of the money due upon the policy. (*Martin* v. *Funk,* 75 N. Y. 134; *Eddie* v. *Slimon,* 26 id. 9; *Whitehead* v. *N. Y. L. Ins. Co.,* 102 id. 152; *Ferdon* v. *Canfield,* 104 id. 143; *Bruner* v. *Cohen,* 36 id. 11; *Weisert* v. *Muehl,* 81 Ky. 356; *Pilcher* v. *N. Y. L. Ins. Co.,* 33 La. Ann. 322, *Ruppert* v. *U. M. Ins. Co.,* 7 Robt. 135; *Ballon* v. *Gile,* 50 Wis. 614; *Splawn* v. *Chew,* 60 Tex. 532; *Greeno* v. *Greeno,* 23 Hun, 482.) If the court should be of the opinion that the member had the right to change the beneficiary so as to deprive his wife of the endowment, then it is respectively urged that there was no proper change, and that the first policy was in full force at the time of the decease of John Luhrs. (*Coyne* v. *N. Y. L. Union,* 13 Daly, 7; *S. C. C. B. Socy.* v. *Fiesam,* 97 Ill. 474.)

PECKHAM, J. The facts in this case are undisputed and are substantially as follows:

John Luhrs, in the year 1881, became a member of the Supreme Lodge, Knights of Honor, a charitable organization of the state of Kentucky, doing business in New York state. It had a branch lodge in the city of Brooklyn and he joined that lodge. He received a certificate from the Supreme Lodge, by which it was promised that if he should comply with all the rules and regulations of the Supreme Lodge and should be in good standing at the time of his death, the Supreme Lodge would pay to such member or members of his family, or person or persons dependent upon him as he should direct or designate by name, a sum not to exceed $2,000, as provided by general law. He designated his wife as the beneficiary, and the certificate which he originally received from the Supreme Lodge, and which was dated on the 22d of September, 1882, contained her name as such. In the constitution of the organization, it is provided that every lodge shall forward to the supreme reporter all applications for membership, and that each application shall have the name of the person to whom the benefit is to be paid inserted therein, and where no more than one certificate is issued, the beneficiary named in the last shall alone be entitled to the benefit.

It is further provided in the constitution that a member desiring to change his beneficiary may at any time while in good standing surrender to his lodge his benefit certificate, which, together with a fee of fifty cents, shall be forwarded by the reporter of his lodge to the supreme reporter, who shall thereupon cancel the certificate and issue a new one in lieu thereof to such member, payable as he shall have directed, within the limitations prescribed by the laws of the order; said surrender and direction to be made on the back of the benefit certificate surrendered, signed by the member and attested by the reporter of the lodge.

On the 8th day of March, 1887, while Luhrs was a member in good standing, an indorsement was made upon the certificate which had been issued to him, and which contained the

name of his wife as the beneficiary, and such indorsement was in the following words: "I hereby surrender to the Supreme Lodge, Knights of Honor, the within benefit certificate, and direct that a new one be issued to me, payable to my sister, Anna Luhrs." At the end of this indorsement, John Luhrs signed his name. On the same day, the certificate thus indorsed and signed was placed in an envelope and sent to Edward Cook, who was the reporter of the Brooklyn lodge, and it was received by him on the ninth of March, and the words "Attest, Edward Cook, Reporter" were placed together with the seal of the lodge on the certificate at the end of the indorsement. The reporter Cook sent the certificate thus indorsed by mail to the Supreme Lodge at St. Louis, on the morning of the tenth of March. It does not appear in the case that any claim was made upon the trial that the sister Anna Luhrs was not a person dependent upon her brother, within the meaning of the constitution and by-laws of the organization, and I think it can be assumed that she was and was so regarded upon the trial. She was with her brother at the time he died, and no one else was, and he died on the 10th of March, 1887.

The certificate, thus forwarded to the Supreme Lodge at St. Louis was received at the home office on the twelfth of March, and on that day it was formally canceled and another certificate, with the name of Anna Luhrs as the beneficiary, and signed by the supreme director and the supreme reporter, was sent from the St. Louis office. At the end of the old and new certificates the words, "I accept this certificate upon the condition herein named," were printed, and at the bottom of such acceptance on the old certificate John Luhrs had signed his name. Of course there was no signature of his attached to the new certificate. Nor does it appear that this written acceptance was called for by the constitution, or by any by-law of the association. The Supreme Lodge kept the old certificate thus canceled as the authority for the issuing of another.

After the death of John Luhrs his sister Anna made a demand upon the Supreme Lodge for the payment to her of

the $2,000 mentioned in the second certificate. The plaintiff, the widow of the deceased, also demanded of the Supreme Lodge the payment of the $2,000 mentioned in the first certificate. The Supreme Lodge acknowledged an obligation to pay to one or the other of the parties, but not to both. The widow, therefore, commenced an action against the Supreme Lodge to recover the amount named in her certificate, and upon motion the defendant Anna Luhrs, the sister, was substituted as defendant in place of the Supreme Lodge, which deposited the money in the court to await its order as to the proper disposition of such·sum, and the Supreme Lodge was, thereupon, discharged from further liability in the matter. By this equitable proceeding the widow and the sister of the deceased have been brought together to litigate the question which of them has the better right to the fund in question.

Upon the trial the court directed a verdict in favor of the defendant. Upon appeal the General Term reversed the judgment entered upon such verdict and granted a new trial. The General Term held that there had never been a valid and complete change of certificates within the life-time of the deceased, and that, hence, the widow was entitled to the sum.

The defendant has appealed to this court from the order reversing the judgment entered in her favor and granting a new trial, and has given the usual stipulation for judgment absolute against her in case such order be affirmed.

The question is not at all one which is free from doubt, and about all that can be said in favor of either view has been said by the learned judges who have written at the Special and General Terms. Upon the whole, and with some hesitation, we are inclined to favor the opinion pronounced at the Special Term, and to hold that the sister, the beneficiary named in the new certificate, is entitled to the fund.

The deceased had expressed his desires in the premises as fully as it was possible for him to do. He had himself complied with all the requirements imposed by the Supreme Lodge as necessary for him to perform in order to obtain another certificate. He had directed in writing to whom he wished

the certificate payable, and he had surrendered his old certificate to the authorized agent of the Supreme Lodge, which agent had accepted such surrender and attested it by the signature of its reporter and the seal of the lodge. The person designated as the new beneficiary was one of those mentioned in the by-laws of the organization as a proper person to be named as such, and there was no discretion resting in the officers of the Supreme Lodge to refuse to issue a new certificate in accordance with the direction of the deceased upon receipt of the old one. If the old certificate had been actually surrendered into the hands of an officer of the Supreme Lodge, and it had been by him cancelled before the death of the deceased, although the new one was not issued in accordance with his direction until after his death, would it not properly be held that the issuing of the new certificate was, under such facts, a purely formal matter, a mere written evidence of the fact which was in reality consummated by the surrender and cancellation of the old certificate?

The cancellation must follow the surrender if the surrender have been properly made, and the new certificate must issue in accordance with the directions of the member, if the beneficiary be one of that class named in the by-laws.

The question is whether the valid and proper direction of the member shall be complied with when he has done everything that was required of him to do in order to effectuate his intention, and all that remains to be done is a purely formal piece of business, and one in the doing of which there is not (upon the facts in this case) one particle of discretion remaining in the officers of the Supreme Lodge, or in any other body. Is not this written indorsement of a surrender of the certificate and the written direction thereon to issue a new one to a new and proper beneficiary, followed by an actual and manual surrender of the old certificate to the acknowledged and authorized agent of the Supreme Lodge, equivalent, for the purpose of acquiring rights under the new certificate to an actual delivery of the surrendered policy by the agent to the Supreme Lodge and a formal cancellation thereof by it? May not the

old one be regarded as in law cancelled when it is properly surrendered, by a writing to that effect, signed by the member and indorsed thereon, and the certificate itself actually placed in the custody of the authorized agent of the principal? We think in this case these questions may fairly be answered in the affirmative.

The Supreme Lodge acted upon the surrender and did cancel the certificate, and did in fact issue the new one as directed by the member, and does not deny the legality of the surrender or make any claim that it was not effectual. The only trouble is that when it formally acted in accordance with the valid direction of the deceased, and did what ordinarily upon the facts of the case it would have been bound to do, the member was dead. We do not think that his decease should, upon these conceded facts, operate to prevent the consummation of the surrender and cancellation.

It is said that until the actual cancellation by the Supreme Lodge there might be a recall of such surrender by the member. Possibly there might be, but there was none in this case. After cancellation the member might also ask for another certificate containing the same name as the old one; in other words, the member might change his mind, but as already stated, in this case he did not.

Feeling, as we do, that the surrender of the old certificate and the designation of a proper beneficiary in the manner and under the circumstances described in the evidence herein, amounted to a surrender and cancellation by the Supreme Lodge, we think the subsequent issuing of a new certificate designating a new beneficiary as directed by the member, may be held to relate back to the time of the original surrender to the agent of the Supreme Lodge. Although upon the face of the certificate there was this printed form: "I accept this certificate upon the condition herein named," and a place left for the signature of the member; yet it does not appear anywhere that such signature was requisite in order to show an acceptance of the certificate. An acceptance may be presumed when the certificate is issued in accordance with

the direction of the member, and, consequently, if the issue of such certificate can be regarded as relating back to the time of the legal surrender of the old one, the acceptance may be also presumed to have followed as of that time. The certificate, when issued, may be thus regarded as relating back, on the ground that it is merely and purely a formal act on the part of the Supreme Lodge, registering and giving written evidence of a transaction, all the material facts of which had occurred during the life-time of the deceased. No new rights were brought into being by the action of the Supreme Lodge after the death of the member, but that action simply gave the proper written evidence to the beneficiary of the existence of those rights which had, in fact, accrued before the formal issuing of such written evidence.

There is nothing in the point that the deceased, having designated his wife as the beneficiary, could not thereafter deprive her of the money due upon the policy. The contract was one provided for by and in accordance with the constitution and by-laws of the organization, and the original certificate was issued subject thereto, and it was the undoubted law that if the rules and regulations were complied with the beneficiary could at any time be changed by the direction of the member.

We are of the opinion that the order of the General Term should be reversed and judgment ordered upon the verdict at Special Term, with costs to the defendant in all courts.

All concur, except Andrews, J., not voting.

Judgment reversed.