The residence of the marshal executing the warrant is not stated any-where in the record, but he seems in fact to be a resident of the bor-ough of Manhattan, and assigned to duty in that borough. This is a fact of which judicial notice might, perhaps, have been taken in the court below, on the principle that cognizance will be taken of at-tachés of a court (Jones, Ev. § 109), and also in the appellate court (Id. § 117). But whether judicial notice could be taken of this fact or not need not be determined, since we think that, under the circum-stances, it was at least incumbent on the plaintiff to show that, not-withstanding the unauthorized direction in the warrant, it was in fact executed by a marshal having the authority to act where the levy was made.

As this was not shown, the judgment should be reversed, and a new trial ordered, with costs to abide the event.

---

(57 App. Div. 507.)

FINK v. D., L. & W. MUT. AID SOC. OF SCRANTON, PA., et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1901.)

1. INSURANCE—CHANGE OF CERTIFICATE—SURRENDER OF OLD CERTIFICATE.
    Under a by-law of a fraternal insurance society, providing that a new certificate marked "duplicate" or "renewal" should be issued on request of a member and payment of 25 cents, a member's written request there-for, with payment of the required fee, gave him an absolute right to a new certificate, without the surrender of the old one.

2. SAME—CONSENT OF BENEFICIARY.
    Under a by-law of a fraternal insurance society, providing that a new certificate should be issued on request of a member and payment of 25 cents, a member's right to change of his certificate was complete on the mailing of such request and payment of the fee, without the consent of the beneficiary under the first certificate.

3. SAME—CONSENT OF SOCIETY.
    Under a by-law of a fraternal insurance company providing that a new certificate should be issued to members on request and payment of 25 cents, it was not necessary to obtain the consent of the society to change the beneficiary, but such change was complete on making the request, with payment of the required fee.

4. SAME.
    Under Laws 1892, c. 690, § 238, providing that membership in fraternal insurance societies shall give members the right, on the consent of the society, as prescribed by its by-laws, to change their beneficiaries, a mem-ber's change of beneficiary was complete without such consent, where he complied with the society's by-laws, providing that a new certificate should be issued on request and payment of 25 cents.
    Laughlin, J., dissenting.

Appeal from trial term, Erie county.

Action by Caroline Fink against the D., L. & W. Mutual Aid Society of Scranton, Pa., and Ellen Fink, to recover on an insurance certifi-cate. From a judgment in favor of Ellen Fink, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and LAUGHLIN, JJ.

Levant D. Lester and Henry Schwendler, for appellant.
Daniel V. Murphy, for respondents.

SPRING, J.   The facts which control the determination of this case are undisputed.   The defendant the D., L. & W. Mutual Aid Society of Scranton, Pa., is a corporation duly organized in pursuance of the statutes of the state of Pennsylvania, but carrying on its business in this state.   It is a fraternal, assessment, insurance corporation, whose membership is restricted to the employés of the Delaware, Lackawanna & Western Railroad Company.   Eugene G. Fink was in the employ of the said railroad company as a brakeman, and upon his application a certificate for $1,000 was issued, November 21, 1894, designating his mother, the plaintiff, as the beneficiary.   Fink was married May 19, 1898, to the defendant Ellen Fink, and upon his request a new certificate in lieu of the old one was issued, August 21, 1898, naming his wife the beneficiary.   The first certificate was delivered to the plaintiff, and was in her possession when the second one was issued, and she was not apprised of such new certificate until December 8, 1898.   On the 8th day of December, 1898, the said member wrote the following letter to an officer in said company known as the "collector":

"Buffalo, N. Y., December 8th, 1898.

.  "Mr. Frank Wiltshire—Dear Sir:   Inclosed please find twenty-five cents, for which I would like to have my certificate renewed.   I would like to have it made over to my mother, Mrs. Caroline Fink.   I haven't got the old one. My wife tore it up and burned it in a fit of anger.   Hope you will favor me with the same.   I remain yours, respectfully,          Eugene G. Fink."

This letter, containing 25 cents, was delivered to the collector on the morning of December 9th.   After several days the collector wrote to the wife of said member, who was living at Leicester, in this state, inquiring if she had the certificate that had been issued to her, and she replied, by letter dated December 20th, saying that she had the certificate, and intended to retain it.   This letter the collector received on the following day, and he at once wrote to the company at Scranton, Pa., as follows:

"December 21st, 1898.

"C. J. Hagg, Esq.—Dear Sir:   Eugene Fink wants a new certificate made out in favor of his mother, Mrs. Caroline Fink, he having quarreled with his wife.   He is very sick with quick consumption, and may die any minute. "Yours, respectfully,          Frank Wiltshire."

During this time Fink was in the last stages of consumption, and on the 21st made his last will and testament, whereby he bequeathed the benefits accruing from this certificate upon his death to his mother.   On the same day he caused his attorney to write a letter to the secretary of the company, and which he signed, calling attention to the previous letter, and inquiring the cause of the delay.   In this letter he renewed his request for a new certificate to his mother, and accompanied it with 25 cents.   This letter was mailed that evening, and was received by the company the 22d, as was the letter written by Wiltshire.   Fink died on the evening of the 21st.   No certificate was issued by the company.

Article 21 of the by-laws of the company, and which is the only provision pertaining to the change of beneficiary, is as follows:

68 N.Y.S.—6

"Should a member lose his certificate or ask for a new one at any time, it shall be issued only upon the payment of twenty-five cents, said certificate to be marked 'Duplicate' or 'Renewal,' as the case may be."

The plaintiff and the wife, Ellen Fink, each claimed the death benefit of $1,000, and this action was brought to recover the same. The company was willing to pay the $1,000 to the rightful owner, and, by consent of all parties, has paid the money into court for the person ultimately held to be entitled thereto.

No action of the company was essential to make effective the issuing of a new certificate at the instance of the member. The surrender of the old certificate was not exacted, and in the present case two uncanceled certificates were out at the same time, each beneficiary believing she was to be the recipient of the death benefit. The consent of the beneficiary is not necessary before the issuing of a new certificate to another beneficiary. The certificate is a gratuity to the payee named, and is revocable at the will of the member. The only requirements to accomplish the change are that the member must request it, and accompany his request with a fee of 25 cents, and then his right to the change is absolute. The company possesses no discretion. There were no subordinate lodges or unions. The collector, an officer appointed by the president of the company, performed the functions usually rendered by the local orders. He collected the assessments, and transmitted the moneys collected to the company. While not authorized in terms to be the means of communication between the members and the company, Wiltshire, the collector representing the latter at Buffalo, seems to have acted in that capacity, probably as a matter of convenience.

In determining the rights of members of mutual assessment organizations, one or two principles have been settled: (1) The constitution and by-laws of the organization, in connection with the application and certificate, constitute the insurance agreement by which the rights of the parties must be fixed. Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087; Kimball v. Lester, 43 App. Div. 28, 59 N. Y. Supp. 540; Collins v. Collins, 30 App. Div. 341, 51 N. Y. Supp. 922. (2) Where a change in beneficiary is sought to be made, the by-laws and regulations of the order must be complied with. Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937, affirmed in 161 N. Y. 633, 57 N. E. 1107; Bacon Ben. Soc. (2d Ed.) par. 307. (3) As a corollary of the latter proposition, it must also be true that, if no method is prescribed by the by-laws of the order, then any mode of procedure which clearly indicates the intention of the member and the nature of the change desired will operate to effectuate that change. As is said in Nibl. Ben. Soc. & Acc. Ins. (2d Ed.) par. 218: "Where no mode of exercising this power is provided, it may be executed in any manner which the member may choose to adopt."

The previous change made by Fink was accomplished by writing a letter to Wiltshire, requesting the change, and inclosing 25 cents, which money was transmitted to the company with the request made. He pursued the same course the second time. In both instances he complied strictly with the by-law quoted.

In Luhrs v. Luhrs, 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, the constitution provided that a member seeking to change his beneficiary must surrender his certificate to his lodge, and pay a fee of 50 cents, and thereupon the supreme reporter was called upon to cancel the certificate and issue a new one. The member surrendered his certificate to the local lodge with proper directions for a new certificate with a change of beneficiary, and paid the necessary fee. This was mailed by the reporter of the subordinate lodge to the supreme lodge at St. Louis, March 9th, and was received by the latter the 12th of March. The member died March 10th. The court of appeals held that the member did all that was required of him to bring to pass his intent to change his beneficiary, and the subsequent action of the supreme order to carry out this purpose by issuing a new certificate was merely formal and ministerial. The respondent's counsel lays much stress upon the fact that the court in the Luhrs Case includes among the essential prerequisites to a change of beneficiary the surrender of the old certificate. The significance of that is that its surrender and cancellation were required by the by-laws of that society. The court recited the acts necessary to effectuate a change, and then those performed by Luhrs to show that he met the requirements. In the present case the surrender of the certificate was not required to make effectual the change.

In Collins v. Collins, 30 App. Div. 341, 51 N. Y. Supp. 922, the member in his application designated his sons as his beneficiaries. At the time he became a member certificates were not issued by the association, but subsequently its policy was formally changed, and a certificate duly signed was delivered to the member, Collins, but the name of the beneficiary was left blank. The member wrote the name of his wife in the blank space, and delivered the certificate to her. There was no assent to this act by the association. The manner of revoking a certificate was not provided for in the by-laws or constitution or certificate itself. It was held the action of the member was sufficient to accomplish the change in the beneficiary. The court say, at page 343, 30 App. Div., and page 924, 51 N. Y. Supp.:

"The terms of this statute confer the right upon the insured to change at will, subject only to the condition of consent by the association, as expressed in its by-laws. By making no provision upon this subject in its by-laws, the association cannot limit the right of the insured to change, for that right is absolute; and where no provision for consent of the association is made, as prescribed by the statute, the insured can make the change without such consent, for by failing to require it the association has waived such right, and left the insured to make it by any means which will accomplish that result."

See, also, Cullen v. Knights of Maccabees, 77 Hun, 6, 28 N. Y. Supp. 276; Hirschl v. Clark, 81 Iowa, 200, 47 N. W. 78; Association v. Bunch, 109 Mo. 560–581, 19 S. W. 25.

Bacon, in his work on Benefit Societies, says, at paragraph 308a (2d Ed.):

"If no formalities are required by the laws of the society for change of beneficiary, it may be made in any manner indicating the intention of the member, as by will. * * * It may also be made by a paper signed by the member, expressing the intention, and mailed to the society, and received

after his death, although the certificate is not surrendered, but remains in the hands of the first beneficiary."

The cases cited as holding to the contrary are all based upon requirements contained in the by-laws of the association. In Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, the surrender and cancellation of the certificate and issuing of a new certificate were essential before the new certificate was operative, and that case enunciates no principle in hostility to what we have stated. The authorities are uniform in holding that a member of a benefit society has the unqualified right to change his beneficiary without consulting the latter, and it is so provided by statute in this state. Section 238, c. 690, Laws 1892. The aim, therefore, should be to give effect to the intention of the member. If little is required by the law of his order to bring about the change, then there is little to be done by him to secure it. His guide is the by-laws of his association, and, when he keeps in the path they have marked out, he has performed his full duty, and what follows is the mere ministerial act of the officers.

It is contended that the insurance law (Laws 1892, c. 690, § 238) makes the consent of the society an indispensable prerequisite to the change in the beneficiary. The portion of the section which may be in point is as follows:

"Membership in any such society, order or association shall give to the member the right at any time, upon the consent of such society, order or association, in the manner and form prescribed by its by-laws, to make a change in its payee or payees, beneficiary or beneficiaries, without requiring the consent of such payees or beneficiaries."

That section was designed to relieve the member from the necessity of procuring the consent of the beneficiary, and simply reiterates the principle that the member seeking the change must conform to the by-laws of his order. If they do not require the consent of the order, the statute does not impose the burden upon the member of obtaining it.

Considerable testimony was adduced upon the trial, both in support and refutation of the charge, that Fink was improperly influenced to make his mother the beneficiary to the exclusion of his wife. There is no finding by the trial judge upon this question, and it is not proper for this court to pass upon it, in view of the conflicting evidence.

The judgment should be reversed, and a new trial ordered, with the costs and disbursements of this appeal in favor of the appellant to abide the event, as against the respondent Ellen Fink. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). The contract between the defendant society and the deceased member, Eugene G. Fink, was, as found by the trial court, to pay the beneficiary fund to the person or persons designated in the membership certificate. This certificate was to be issued in the first instance according to the direction of the member in his application for membership. It being a mutual benefit assessment association, the statute gave the right to the member to change his beneficiary at will, subject only to the consent of the as-

sociation, to be obtained as prescribed by its by-laws. The only by-law relating to the subject provided that, in case a member lost his certificate or should ask for a new one, "it shall be issued only upon the payment of twenty-five cents, said certificate to be marked 'Duplicate' or 'Renewal,' as the case may be." The deceased member did not ask any officer of the society authorized to issue a certificate for a new certificate, or tender to any such officer the payment of 25 cents, as required by this by-law. It is true that he had taken steps to that end, but his application in this regard did not reach the proper officers of the society until the day after his death. The rights of the parties are to be determined upon the facts and the law as they existed at the time of the death of the member. At that time there was an outstanding beneficiary certificate, regularly and properly issued by the defendant society to its deceased member, requiring the payment of the beneficiary fund, in case of his death, to his wife, the defendant Ellen Fink. Up to the time of the death of the member this outstanding certificate had not been canceled or revoked, nor had it been superseded by any new certificate, nor had the consent of the society, which is required by the statute and by this by-law, been obtained to a change of designation of beneficiary. There was evidence tending to show that the consent of the decedent to the proposed change attempted to be made in the designation of beneficiary from his wife to his mother was brought about by coercion or duress; but the trial judge, having reached the conclusion that the society had not consented to a change of beneficiary, and had not been duly requested so to do prior to the death of the member, refrained from deciding this controverted question of fact. In my opinion, it is not sufficient that a member of a beneficiary order, with death staring him in the face, desires or determines to change his beneficiary, or that by application by mail or through an individual he requests or authorizes the change, even in the manner required by statute and the by-laws, unless such application or request shall have been received by, or presented to, the proper official of the society authorized to act in the premises prior to his death. Gladding v. Gladding (Sup.) 8 N. Y. Supp. 880; Wilson v. Bryce, 43 App. Div. 491, 60 N. Y. Supp. 132; Hellenberg v. Dist. No. 1, I. O. of B'nai Berith, 94 N. Y. 580; Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61; Ireland v. Ireland, 42 Hun, 212; Luhrs v. Luhrs, 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534; Supreme Lodge v. Nairn, 60 Mich. 44, 26 N. W. 826. The courts have in this class of cases in some instances applied the equitable rule that that which should have been done will be considered as done, and the rights of the parties determined accordingly; but there is no ground for the application of that rule where neither the society nor any of its officers authorized to act in the premises is in default in having failed to comply with any proper request duly made by or in behalf of the member during his lifetime.

For these reasons I dissent from the prevailing opinion, and vote for an affirmance of the judgment appealed from.