(41 Misc. Rep. 186.)

### COULSON et al. v. FLYNN.

(Supreme Court, Special Term, Erie County. July, 1903.)

1. BENEFICIAL ASSOCIATIONS—BENEFICIARIES—RESTRICTION—WAIVER OF RULE —PAYMENT OF BENEFIT.

Laws 1879, p. 541, c. 496, authorizing the organization of beneficial associations, permits the benefit fund to be paid on the death of a member to any person designated by him, and authorizes the association to regulate and control beneficiaries to whom funds should be paid. An association was incorporated under such act, and adopted a constitution which restricted distribution to relatives or dependents of a member. The association, after having been advised that a proposed beneficiary of an incoming member was neither a relative nor dependent, received him, and accepted his dues for several years thereafter. *Held*, that the association thereby waived its constitutional provisions restricting beneficiaries, and that the person designated was entitled to the benefits accruing on the death of such member, as against his surviving next of kin.

Action by Katherine Coulson and others against Bernard G. Flynn to determine the ownership of the proceeds of a beneficiary certificate. Judgment for defendant.

George H. Kennedy, for plaintiffs.
John J. Sullivan, for defendant.

KENEFICK, J. This action was originally begun against the Supreme Council of the Catholic Mutual Benefit Association, a domestic fraternal insurance corporation organized and existing by virtue of chapter 496, p. 541, of the Laws of 1879, to recover the sum of $2,000 upon a beneficiary certificate issued by the corporation upon the life of Bartholomew Savage. About the same time Bernard G. Flynn commenced an action against the corporation to recover the said sum

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1935.

upon said certificate. The corporation acknowledged its liability to pay the amount secured to be paid by said certificate, and obtained an order of interpleader substituting Flynn as the defendant in this action, directing the payment of the money into court to abide the judgment herein, and discontinuing the other action. The defendant claims the fund deposited under said order by virtue of his designation as the beneficiary in the certificate. The plaintiffs claim that such designation was and is illegal, imperfect, and inoperative, and that they are entitled to the fund by virtue of their relationship to the deceased, under a law of the corporation, which is hereinafter referred to.

The act organizing the corporation confers upon it power to provide a beneficiary fund to be paid to the families, heirs, or representatives of deceased members, or to such persons as such deceased members may, while living, have directed, and also the power to regulate and control by its constitution, by-laws, and rules the collection, management, and disbursement of said fund, as well as the person or persons to whom, and the manner and time in which, the same shall be paid on the death of a member. Under the power so given, the corporation enacted as a part of its constitution the following provision, to wit:

"Any member shall have the right and power to designate any one or more of the following class or classes of persons to receive his beneficiary fund in case of his death, to wit: His wife, his children or any child by legal adoption, his father, mother, brothers or sisters, blood relations, or persons dependent upon him for maintenance, sustenance or support. When a member has failed to make a legal appointment, or for any reason his designation is imperfect or inoperative, then the beneficiary fund shall be payable to the following persons in equal shares: First, to his wife and to his children; next to his father and mother; next to his brothers and sisters; and if such parties have all predeceased the member, then to the next of kin of the deceased in the proportion fixed by, and in accordance with the laws of the state or province in which the branch to which the deceased at the time of his death was a member was located."

The defendant is not a relative or dependent of the deceased, and does not fall within any of the classes of persons who may be designated as beneficiary under said provision. So it is contended by the plaintiffs that the designation of the defendant was illegal and inoperative. The deceased never married. His father and mother are dead, and the plaintiffs are his sole surviving sisters and brother. They claim the fund by virtue of such relationship under this law of the corporation. It will be observed that the act of incorporation grants power to the corporation to allow any person selected by the member to be designated as beneficiary, but the corporation saw fit to restrict the beneficiaries to relations and dependents of the insured by a law of its own making. In this case the corporation had full knowledge at the time it accepted the deceased as a member that the beneficiary designated by him was neither a relative nor a dependent. In his written application for membership, as well as in his written statement incorporated in the medical certificate, he designated his proposed beneficiary as "Barney Flynn, no relation, with whom he lives and upon whom he depends"; and in the certificate of membership issued to him by the corporation the beneficiary is described as "Barney Flynn, with whom he lives and upon whom he depends." The de-

ceased, at the time he became a member of the association, and for some years prior thereto, and down to the time of his death, lived as a boarder in defendant's family. Can the corporation resist payment of the defendant's claim where it has, with full knowledge of the facts, willfully violated or failed to observe its own law? It can hardly successfully interpose such a defense after it has accepted for years the money paid for his dues and assessments. Non constat whether the deceased would have become a member of the corporation, had it refused to consent to the designation of the defendant as beneficiary. Authority is not lacking to support the proposition that a law made by the corporation itself does not limit its power so as to prevent it from recognizing as a beneficiary a person not authorized to take under such law. Story v. Williamsburg M. M. B. Ass'n, 95 N. Y. 474; Smith v. People's Mut. Ben. Society, 64 Hun, 534, 19 N. Y. Supp. 432; Benefit Ass'n v. Blue, 120 Ill. 121, 11 N. E. 331, 60 Am. Rep. 558; Lindsey v. W. M. A. Society, 84 Iowa, 734, 50 N. W. 29.

The plaintiffs urge the case of Sanger v. Rothschild, 123 N. Y. 577, 26 N. E. 3, as establishing a contrary doctrine. The courts, in their effort to work out substantial justice on the merits of each case, have undoubtedly committed themselves to decisions which seem difficult to harmonize. In the case referred to the insured, while unmarried, designated his uncle and aunt as his beneficiaries. He subsequently married, and died leaving a widow. A law of the corporation required that, in any designation of a beneficiary made by a married man, he must leave at least one-half of the beneficiary fund to his widow. The court held that the designation made was rendered ineffectual by his subsequent marriage. In the course of the opinion the court says:

"The laws of the association, as found in its constitution, must govern the rights of these parties. No member could dispose of his interest in the endowment fund contrary to those laws, nor except as permitted by them, and so both parties admit."

This was a submitted controversy under the provisions of the Code of Civil Procedure, and it is inferable from the statement "so both parties admit" that the terms of the submission precluded, or at least rendered unnecessary, an examination of this question. In any event, the facts of that case are so different from those presented here that I do not deem that decision as a controlling authority in this case. If, then, the corporation could not maintain a defense to the claim of the defendant as the designated beneficiary, much less can the plaintiffs be heard to complain because the corporation has seen fit to waive one of its own laws in contracting with the deceased. Luhrs v. Supreme Lodge, 27 N. Y. St. Rep. 88, 7 N. Y. Supp. 487; Maguire v. Maguire, 59 App. Div. 143, 69 N. Y. Supp. 61; Markey v. Supreme Council, 70 App. Div. 4, 74 N. Y. Supp. 1069.

Under the circumstances of this case, the designation of the defendant as beneficiary was not illegal, imperfect, or inoperative, and therefore no right to the fund accrued to the plaintiffs under the provision of the constitution above quoted. The conclusion is reached that the defendant is entitled to the fund in controversy.

Judgment directed accordingly, without costs.