(60 Misc. Rep. 460.)

### TOLSON v. NATIONAL PROVIDENT UNION.

(Supreme Court, Trial Term, Kings County. September, 1908.)

1. INSURANCE (§ 784*)—MUTUAL BENEFIT—CHANGE OF BENEFICIARY.

The by-laws of a fraternal benefit association authorized a member to change his beneficiary and obtain a new certificate, but did not require such designation of a new beneficiary, or the surrender of the original certificate to be in writing. A member, upon the death of his original beneficiary, authorized another to take the certificate to the appropriate subordinate council, and surrender it, and have a new certificate issued

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to himself. The certificate was surrendered accordingly, but before a new certificate was delivered, although actually issued to the new beneficiary, the member died. *Held*, that the change of beneficiary was complete at the member's death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1951; Dec. Dig. § 784.*

For other definitions, see Words and Phrases, vol. 7, pp. 6054–6058; vol. 8, p. 7783.]

2. INSURANCE (§ 771*)—MUTUAL BENEFIT—PERSONS WHO MAY BE NAMED AS BENEFICIARIES—"RELATIVE."

"Relative," as used in a by-law of a fraternal benefit association, confining the designation of a new beneficiary to a relative or dependent of the member, is broad enough to include one who married a sister of the wife of the member.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1935; Dec. Dig. § 771.*]

3. INSURANCE (§ 769*)—MUTUAL BENEFIT—PERSONS WHO MAY BE NAMED AS BENEFICIARIES—ESTOPPEL.

The acceptance by a fraternal benefit association of assessments on a benefit certificate until after the death of the member estops it from resisting payment on the ground that, under its by-laws, one who married a sister of the wife of the member could not be named as beneficiary.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 769.*]

Action on a benefit certificate by John F. Tolson against the National Provident Union. The court directed a verdict for plaintiff subject to its opinion as provided by Code Civ. Proc. § 1185, and thereafter denied a motion to set aside the direction and a motion for a new trial.

Alva Collins and S. W. Tyng, for plaintiff.
Edward S. Peck, for defendant.

CARR, J. On the trial of this action the defendant moved for a dismissal of the complaint and the plaintiff for a direction of a verdict. Both parties conceded that the only questions involved were those of law, and the court directed a verdict for the plaintiff subject to its opinion, as provided in section 1185 of the Code of Civil Procedure.

The facts are as follows: The defendant on May 9, 1887, issued a "bond" or benefit certificate in the sum of $3,000 to Charles Carver, a member of one of its subordinate councils, whereby it bound itself to pay to Catharine Carver, the wife of Charles, the sum of $3,000 out of its provident fund on the death of Charles, while a member in good standing of its organization. In August, 1906, while Charles was still in good standing, his wife, Catharine Carver, the beneficiary, died. At that time, and for many years before, the bond or certificate had been in the possession of the plaintiff, who had been paying the assessments and dues of Charles Carver for the benefit of the beneficiary. Upon the death of the original beneficiary, the member, Charles Carver, had the right under the by-laws of the defendant to designate a new beneficiary, and obtain a new certificate or "bond" payable to the new beneficiary. There was no provision in the by-laws providing that the new designation of beneficiary or that the surrender of the original bond should be by writing. The by-laws

relating to this matter seems to have confined the designation of a new beneficiary to a "relative or dependent" of the member in question.  According to the plaintiff's proof, Carver, after the death of his wife, authorized the plaintiff, who was married to a sister of Carver's deceased wife, to take the bond to the appropriate subordinate council, and have it surrendered in order that a new bond might issue to the plaintiff.  The bond was surrendered accordingly, but before a new bond was delivered, although actually issued payable to the new beneficiary, Charles Carver died.  The respective counsel have conceded that the only questions involved in this controversy are as follows:  Was the change of the beneficiary complete at the time of Carver's death; and was the plaintiff capable, under the by-laws of the defendant, of becoming legally a beneficiary in the new bond?

On the back of the original bond, surrendered by the plaintiff, was a written form of surrender and change of beneficiary purporting to have been signed by Carver by his mark.  It appears, however, that this form was not actually signed personally by Carver, and that he was not present at the time of the surrender of the original bond.  The plaintiff actually signed it himself under a claim of authority to do so previously given by Carver.  While the testimony of the plaintiff on this point was seemingly vacillating, yet the court was favorably impressed as to his credibility and sees no reason to reject his statement.  The member, Carver, had an absolute right, under the circumstances, to designate a new beneficiary upon the surrender of the original bond.  It was not necessary to the rights of the new beneficiary that the new bond should be actually delivered to him before the death of Carver.  The transaction was complete when the surrender and new designation was made.  Luhrs v. Luhrs, 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, 20 Am. St. Rep. 754; Donnelly v. Burnham, 86 App. Div. 226, 83 N. Y. Supp. 659; Id., 177 N. Y. 546, 69 N. E. 1122; Fink v. D., L. & W. Mutual Aid Soc., 57 App. Div. 507, 68 N. Y. Supp. 80.  The plaintiff Tolson was not a blood relative to Carver.  He was related by affinity as a brother-in-law.

The defendant cites some authorities where the word "relative" was confined in meaning to a blood relative.  These authorities are in cases arising under wills or statutes relating to wills.  Ennis v. Pentz, 3 Bradf. Sur. 382; Blossom v. Sidway, 5 Redf. Sur. 389; Horton v. Earle, 162 Mass. 448, 38 N. E. 1135.  It seems to be the rule that, when the word "relative" is used in a will, it must be confined in scope to those who would take either under the statute of distributions or the statute of descents, as the nature of the gift might be personal or real estate.  Gallagher v. Crooks, 132 N. Y. 338, 30 N. E. 746.  While there does not seem to be any authority in this state on the question of the meaning to be given to the word "relative" in instruments such as the one now before the court, there are decisions elsewhere to the effect that it should be held to cover persons connected by affinity as well as by blood.  Simcoke v. Grand Lodge, etc., 84 Iowa, 383, 51 N. W. 8, 15 L. R. A. 114; Bennett v. Van Riper, 47 N. J. Eq. 563, 22 Atl. 1055, 14 L. R. A. 342, 24 Am. St.

Rep. 416; Tepper v. Royal Arcanum, 61 N. J. Eq. 638, 47 Atl. 460, 88 Am. St. Rep. 449; Renner v. Supreme Lodge, 89 Wis. 401, 62 N. W. 80; Faxon v. Grand Lodge, 87 Ill. App. 262; Marcus v. Leake, 4 Neb. (Unof.) 354, 94 N. W. 101. This court is of opinion that the word "relative" as used in the by-laws of the defendant is broad enough to cover persons connected by affinity. In any event, if the defendant did not intend to accept the plaintiff as beneficiary, it should have so indicated at once, instead of receiving assessments on the original bond after its surrender. It had the power to waive the provision of its by-laws on this point, and the acceptance of the assessments falling due on the bond until after the death of Carver may well estop it from now resisting payment on that ground. Coulson v. Flynn, 41 Misc. Rep. 186, 83 N. Y. Supp. 944; Id., 181 N. Y. 62, 73 N. E. 507; Tramblay v. Catholic Benevolent Legion, 90 App. Div. 39, 85 N. Y. Supp. 613; Kimball v. Lester, 43 App. Div. 30, 59 N. Y. Supp. 540; Id., 167 N. Y. 570, 60 N. E. 1113.

The motion to set aside the direction of the verdict made at the trial is denied. The motion for a new trial on all the grounds specified in section 999 of the Code of Civil Procedure is denied. Thirty days stay of execution and 60 days to make a case is granted to the defendant. Ordered accordingly.