THOMAS MCGUINNESS et al., Plaintiffs, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION et al., Defendants.

Supreme Court, Special Term, Queens County, July 27, 1962.

*John E. Callaghan* for plaintiffs. *Watters & Donovan* (*Patrick J. Hughes* of counsel), for defendants.

LESTER HOLTZMAN, J. In an action for a declaratory judgment that the plaintiff Thomas McGuinness is an " insured person " within the meaning of the New York Automobile Accident Indemnification Endorsement to a certain policy of automobile liability insurance, the plaintiffs move for summary judgment. (See, also, *Matter of McGuinness* [MVAIC], 32 Misc 2d 949.)

It is admitted that the Hanover Insurance Company issued to the plaintiff Theodore Fereance a New York family combination automobile policy with the New York Automobile Accident Indemnification Endorsement and that this policy was in full force and effect from August 12, 1959, to August 12, 1960. It is provided in the indorsement that the Motor Vehicle Accident Indemnification Corporation, hereinafter called MVAIC, will

pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile. The word "insured" is defined in the indorsement as "the named insured and, while residents of the same household, his spouse and the relatives of either".

On October 23, 1959, while this policy was in force and effect, the plaintiff, Thomas McGuinness, suffered personal injuries while a passenger in an automobile owned by the United States Government as a result of a collision of that vehicle with another automobile, the insurer of which subsequently disclaimed coverage. Plaintiffs contend that McGuinness is an insured under the policy inasmuch as he is the son-in-law of the named insured, plaintiff Fereance, and resides with Fereance in the same household.

The defendant opposes the instant motion on the ground that the facts concerning McGuinness' relationship to Fereance and their place and manner of residence are peculiarly within the plaintiffs' knowledge and that in any event a son-in-law is not a relative of a named insured within the meaning of the policy. The defendant also contends that McGuinness is not entitled to a declaratory judgment inasmuch as the Insurance Law provides an additional remedy for persons injured by uninsured motorists.

Although it is true that summary judgment is unavailable where the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent, such a situation is not present in this case. (Cf. *Kessler* v. *Cosmopolitan Mut. Ins. Co.*, 33 Misc 2d 824, 826.) The defendant could, if it wished, investigate the facts concerning the plaintiffs' residence and relationship to each other. Defendant has thoroughly examined each of the plaintiffs before trial and in its papers in opposition to the instant motion has not been able to offer even one shred of evidence tending to disprove the plaintiffs' claims on these matters.

There is no clear authority with respect to the question of whether a son-in-law is a relative of a named insured within the meaning of an insurance policy extending coverage to such persons. An examination of the cases indicates that where a clause in a policy is ambiguous it will be construed in that sense which is most favorable to the insured. (*Appleton* v. *Merchants Mut. Ins. Co.*, 16 A D 2d 361, 363.) In accordance with this rule the term is construed narrowly where a policy excludes a relative from coverage and broadly where a policy extends coverage to a relative. (*Cf. Indiana Lumbermens Mut. Ins. Co.* v. *Passalacqua*, 30 Misc 2d 626, and cases cited therein.)

As early as 50 years ago the Court of Appeals affirmed a case in which the trial court held that the brother-in-law of the insured's deceased wife was a relative of the insured within the meaning of an insurance policy. (*Tolson* v. *National Provident Union*, 60 Misc. 460, affd. 130 App. Div. 884, affd. 198 N. Y. 535.) The *Tolson* case has never been overruled.

In the opinion of this court, McGuinness, as the son-in-law of the named insured Fereance, is an " insured person " under the terms of the insurance policy. This conclusion negates the defendant's contention that McGuinness has another remedy. That contention is based upon the claim that McGuiness is a " qualified person " as defined by subdivision b of section 601 of the Insurance Law and, therefore, need not seek to recover under Fereance's insurance policy. That section, however, defines a " qualified person " as a person other than one who is an insured person. McGuinness, who is an insured person, cannot be a qualified person. His rights are exclusively within the provisions of Fereance's insurance policy and the indorsement which was required to be attached thereto by subdivision 2-a of section 167 of the Insurance Law.

The plaintiffs' motion for summary judgment for the relief prayed for in the complaint is granted.