THE TRIPLE TIE BENEFIT ASSOCIATION V. ROSA MAHAFFEY WOOD.

No. 14,490. (84 Pac. 565.)

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Application — Membership — Monthly Assessment.* The constitutional provisions of a fraternal insurance association relating to beneficiary certificates constitute a part of the contract between such association and its members. When the constitution of such an organization provides that "no beneficiary certificate shall be or become effective or in force until executed by the supreme president and supreme secretary, countersigned by president and secretary of the local council to which the member may belong, and the conditions of the certificate accepted by the member to whom it is issued in writing on his certificate," a monthly assessment paid at the time an application is made for membership in such order cannot be applied before such constitutional provisions have been complied with.

Error from Neosho district court; LEANDER STILLWELL, judge. Opinion filed February 10, 1906. Affirmed.

*Coleman & Williams,* for plaintiff in error.

*W. R. Cline,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was brought to recover upon a beneficiary certificate issued by the defendant to A. A. Mahaffey, in behalf of his wife, the plaintiff.

At the trial the district court filed findings of fact and conclusions of law. From the facts so found it appears that the defendant authorized the local council to take in members free of cost during the months of November and December, 1903. A circular to this effect was shown to Mahaffey. It contained this statement: "All that is required is for the amount of one monthly payment to be deposited with the application card, and for you to complete your membership and take up your certificate before the last of December."

Mahaffey took advantage of this offer, made application for membership, and paid the amount of one monthly assessment. This application was signed and handed to a member of the order in the month of December, 1903, and by him delivered to the local council. The council held its meetings on the first and third Saturdays of each month. At one of its meetings the application of Mahaffey was accepted, and he was elected a member of such council. The certificate was signed by the grand officers on December 29, 1903. On January 16, 1904, Mahaffey was initiated into, and became a member of, the local council, at which time the officers of the council signed the certificate and delivered it to Mahaffey, who signed his acceptance thereon. No fees were demanded of or paid by him when he was initiated and received the certificate as aforesaid. About the last of January demand was made on Mahaffey for the payment of another monthly instalment. He told the secretary he was unable to pay it, and the secretary as a matter of friendship paid it for him. These two instalments are all that were paid by or for Mahaffey, and he died March 22, 1904.

The district court found that these two payments should be applied for the months of January and February, and that, the March payment not being due until the last day of the month, the certificate did not

lapse. The defendant brings this proceeding in error, claiming that the payments should be applied on the months of December and January, and that therefore the certificate lapsed upon failure to pay the assessment due on the last day of February. The constitution of the order provides as follows:

"Upon receipt of the beneficiary certificate the amount of one monthly payment shall be paid by the member to the secretary of the local council, and on or before the last day of each succeeding month the member shall pay, without notice, a like sum to the secretary of the local council, or, if holding a supreme council card, to the supreme secretary; the amount of such payment shall be such as is fixed in the table on the back of the beneficiary certificate of the member, according to the age at the time of becoming a member of the association, as shown in the table of ages and monthly rates given in section 2 of this article, which is hereby added." (Art. 9, § 1.)

"No beneficiary certificate shall be or become effective or in force until executed by the supreme president and supreme secretary, countersigned by president and secretary of the local council to which the member may belong, and the conditions of the certificate accepted by the member to whom it is issued in writing on his certificate." (Art. 7, § 11.)

On February 29, 1904, the local council suspended Mahaffey, as being in default for the assessment due that month.

We agree with the conclusions of the district court. The offer to take in members free of cost for a limited time was not intended to make any other change from the ordinary rules of the order. The association was not bound by the transaction until a contract was completed. The applicant had to become a member before he was entitled to the benefits of the order. The assessment paid when the application was made could not be applied until it was known that the local council would accept the applicant as a member, nor until he passed a satisfactory medical examination, nor until the grand and local officers had executed the certificate and it

Garner v. Insurance Co.

had been delivered to and accepted by the applicant in writing. Until this time the whole matter was incomplete and subject to repudiation by either party.

These constitutional provisions were indorsed on the certificate, and formed a part of the contract. They were evidently made for the protection of the association, and both parties are bound thereby. What the rights of the respective parties would be in the absence of these conditions it is unnecessary to inquire. This court has uniformly held that the rights of members of beneficiary societies rest in contract, and must be measured thereby. The rule stated in *Kemper v. Modern Woodmen*, 70 Kan. 119, 78 Pac. 452, applies here, and controls the decision of this case.

On January 16 the contract between Mahaffey and the association became complete, and then for the first time the assessment paid at the time of the making of the application became available to the association and satisfied the January assessment. The February assessment was paid by a friend. Mahaffey died before the last day of March, and during the life of the certificate. The judgment of the district court is affirmed.

All the Justices concurring.