SUSAN M. TITSWORTH v. E. NELLIE TITSWORTH.

1. LIFE INSURANCE — *Coöperative Association* — *Constitution.*  A clause in the constitution of the grand lodge of an incorporated life insurance association operating on the coöperative plan, prescribing the manner in which the right to dispose of the insurance-money may be exercised, merely directory in its character, and whose sole object is to protect the association, cannot be taken advantage of by one, who claims to be a beneficiary, on the ground that there has not been strict compliance with the clause in changing the direction of the benefit.  Such clause is for the protection of the association alone, and can only be used by it.

2. —————— *Change of Beneficiary.*  A clause in the constitution of such an association that provides that upon the death of a member in good standing who has complied with all its rules and regulations, such person or persons as said member may have directed while living, shall be entitled to receive of the beneficiary fund of the order a certain sum of money, and prescribes the manner in which a member desiring at any time to make a new direction for its payment may do so, does not vest in the beneficiary first named an irrevocable interest in the certificate, but the member has the absolute right to change the beneficiary at his pleasure.

3. —————— *Case Considered.*   *Olmstead v. Benefit Society,* 37 Kas. 93, referred to, and commented upon.

*Error from Lyon District Court.*

ACTION brought by *E. Nellie Titsworth,* to recover $2,000, the amount of a benefit certificate issued by the Ancient Order of United Workmen of Kansas on the life of Wilbur H. Titsworth, deceased.   The material facts are stated in the opinion.   Trial at the February term, 1887, and judgment for the plaintiff.   The defendant brings the case to this court.

*Welch & Welch*, for plaintiff in error.

*John T. Bradley*, for defendant in error.

Opinion by SIMPSON, C.: This is a controversy between the divorced wife and the mother of Wilbur H. Titsworth, deceased, as to which one is the beneficiary of a benefit certificate issued by the Ancient Order of United Workmen of Kansas, for the sum of $2,000, on the order of said Wilbur H. Titsworth. The mother brought suit in the district court of Lyon county against the grand lodge of the order, to recover the amount named in the benefit certificate. The grand lodge, through its proper officers, came into court, admitted the death of Titsworth while a member of the order in good standing, and that there was due his legal representative the sum of $2,000; but stated that his wife also claimed to be his beneficiary, and offered to pay the money into court, and asked that the wife be substituted as the party defendant. The court thereupon made an order allowing the grand lodge to pay the said sum of $2,000 into court and be released from any obligation respecting the same, and made Susan M. Titsworth, the plaintiff in error, the party defendant. All this was done, and she filed an answer claiming the proceeds of the benefit certificate. The issues thus made were tried by a jury, at the February term, 1887, and they returned a general verdict for the mother, E. Nellie Titsworth. A motion for a new trial was overruled, and a judgment rendered on the verdict of the jury. Numerous errors are assigned in the petition, the most important being the overruling of a motion for a new trial; and this brings into review all the exceptions taken to the admission and against the rejection of evidence, certain instructions that are alleged to be erroneous, and various other matters that will be commented on.

In the determination of the various questions arising in this case, it must be constantly borne in mind that the Ancient Order of United Workmen, the association that issued the benefit certificate, is no longer a party, and is not taking any

part in the litigation. It has paid the money into court, and has been released from all obligation respecting it. This payment, however, is an admission on its part that the benefit certificate was rightfully issued, and hence all contention as to whether its rules and regulations respecting these matters had been complied with is out of the case, and is entirely disposed of. We mean by this to assert that when the association 1. Life insurance issues a certificate, or changes the benficiary, all —co-operative questions as to whether it is done or not in ac- association— constitution. cordance with its rules and regulations, are concluded. We adopt the reasoning and conclusions of the cases of *Splawn v. Chew*, 60 Tex. 522, and *Manning v. A. O. U. W.*, Kentucky Court of Appeals, 5 S. W. Rep. 385, as being the best exponents of the law on this question that have fallen under our observation. But we are met with this contention on the part of the plaintiff in error, that the case of *Olmstead v. Benefit Society*, 37 Kas. 93, is decisive of this question so far as our state is concerned. In that case there was a controversy 3. Case, con- among several claimants to money due upon a sidered. certificate of membership issued by the Masonic society, a coöperative insurance company organized under the laws of Kansas. The pivotal question in the case was whether or not the beneficiary named in the certificate could be changed, and the fund disposed of by will, as was attempted to be done. The court held that this could not be done, for two reasons: first, admitting that a member of a coöperative society retains the power to change the beneficiary, still he cannot exercise his power except with the consent of the society, and in conformity with the rules and regulations of the society ; second, because of the operation of the provisions of § 76, chapter 93, Laws of 1871.

In this case the Ancient Order of United Workmen is not incorporated under the laws of Kansas, but partakes of the nature of a voluntary association, governed in all matters by its own constitution and by-laws. It seems clear that the provisions of § 76, chapter 93 of the Laws of 1871, do not apply, but that the regulations prescribed by the governing

body of the association determine the manner in which the beneficiary in a certificate can be changed. There is another very marked distinction between the cases. In the reported one, it is said in the opinion "that no provision was made in the certificate of membership for a change in the beneficiary, and the record does not show what rules, if any, the society had made respecting such change." In the case we are considering, the record does show how the beneficiary may be changed. In the Olmstead case, no change was made by the society; in this case, the association did make a change, at the request and on the application of the member; so that an entirely different class of questions arises in the two cases. Finally, § 78, chapter 50a, Compiled Laws of 1885, declares that the provisions of the act containing § 76 shall not apply to companies organized on the coöperative plan, and we think this order of United Workmen operates on that plan. The defendant company in the Olmstead case was also organized on the coöperative plan; but, as the section making the provisions of the act inapplicable to such companies was not then brought to the attention of the court, it was erroneously led to apply the rule prescribed in § 76, and to state it as an additional ground for the decision there made. The case was, however, correctly disposed of on the first ground of decision. Substantially the same rule is applied in both cases. In the Olmstead case it was held that the beneficiary could only be changed by the consent of the society, and in conformity with its rules, and could not be done by a will. In this case the change is sustained upon the ground that a certificate was issued changing the direction of the benefit, and the assumption is that the regulations of the society had been substantially complied with. Now in this case the original benefit certificate was made payable to the plaintiff in error, Susan M. Titsworth, who was then the wife of the said Wilbur H. Titsworth, and was dated on the 23d of February, 1886. Subsequently, on the 25th day of August, 1886, the original certificate having been surrendered and canceled, another certificate was issued, payable at the death

of Titsworth to his mother, E. Nellie Titsworth, and his brother, C. E. Titsworth, $1,000 each. In July, 1886, a decree of divorce was rendered in an action pending in the Shawnee county district court, between the plaintiff in error and Wilbur H. Titsworth. The precise contention is, that this last benefit certificate, not having been issued in the exact manner prescribed by the by-laws of the association, was a nullity, and the first certificate, in which the plaintiff in error was the beneficiary, remains in force. This contention is based on §17 of the constitution of the grand lodge of Kansas, which reads as follows:

"Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the recorder, with the seal of the lodge attached, and by the payment to the grand lodge of the sum of fifty cents; but no change of direction shall be valid or have any binding force or effect, until said change shall have been reported to the grand recorder, the old certificate, if practicable, filed with him, and a new beneficiary certificate issued thereon; and said new certificate shall be numbered the same as the old certificate: Provided, however, Should it be impracticable for the recorder to witness the change desired by the brother, attestation may be made by a notary public or an officer of a court of record, seal to be attached in attest."

At the time the deceased made a change in the beneficiary, he was on a sick-bed at Denver, Colorado, and he instructed a woman named Shipman, who was nursing him, on the 17th day of August, 1886, to write a letter to the presiding officer of his lodge at Topeka, changing the beneficiaries in his certificate from the divorced wife to his mother and brother, and then he instructed her to fill out the order on the back of his certificate, to make the benefit payable to his mother and brother. The woman signed his name both to the letter and the indorsement on the back of his certificate by his express direction, and these were mailed to his lodge on the 19th of August; they were received by the recorder of the lodge on the 23d day of August, and the new certificate issued. It ap-

pears from this that the signature of Titsworth to the order desiring the change in the beneficiary was not made in the presence of the recorder, or attested by the seal of a notary public or some officer of a court of record having a seal, and hence the complaint that it was ineffectual to change the direction of the benefit. The cases cited above lay down this rule:

"A clause or by-law of an insurance or other corporation, pointing out a way in which the right to dispose of the insurance-money may be exercised, merely directory in its character, and whose object is to protect the corporation, cannot be taken advantage of by outside parties claiming the insurance. Such provisions are for the protection of the company alone, and can only be used by it."

We know that there is some seeming conflict of authority on this question, and it may be suggested that the contrariety of opinion found in the books, if carefully examined and traced to its sources, will be found to have originated in the differences of parties to actions of this character. If the action is against the association to recover the amount due on the certificate, by a party to whom the direction of the benefit has been changed from an original certificate, and the association pleads that the new beneficiary has not been named in accordance with its rules and regulations, this presents one phase of the question.

The constitution of the grand lodge of United Workmen of Kansas prescribes that upon the death of a master workman in good standing, who has complied with all the laws, regulations and requirements of the order, such person or persons as said member may have directed while living shall be entitled to receive of the beneficiary fund of the order the sum of $2,000. The beneficiaries are confined to one or more of the members of the family of the member, or some person or persons related to him by blood, or who shall be dependent upon him. The provision as to the change in the beneficiary has already been noticed. These certificates constitute a contract between the association and the member, and the right to change the direction of the benefit and to create new and

different beneficiaries is a part of that contract, and can be

2. Change of beneficiary.
exercised by the member at his pleasure, so long as the persons designated as beneficiaries come within the prescribed classes of family, blood relatives, or dependents.

It is claimed that the act of Wilbur H. Titsworth in changing the benefit from his wife to his mother and brother was not voluntary, but was the result of undue influence on the part of the woman Shipman. The testimony respecting this is voluminous; but as the jury passed upon that question, and there is ample evidence to sustain the verdict, and it was approved by the trial court, it must be accepted as conclusive here. In the view we take, that under the constitution and by-laws of the order the member had a right to change the beneficiary in his certificate at pleasure, all the other errors complained of are immaterial.

It is therefore recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.