## COYNE v. BOWE.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

1. INSURANCE—BENEFICIAL ASSOCIATION—CHANGE OF BENEFICIARIES.

A beneficiary order issued its certificate to a member, payable at his death to defendant C. Subsequently he duly designated defendant B. as beneficiary, and later still designated one U., but in the latter case the old certificate bearing the designation was returned to him by the order, and no new certificate was ever issued. The rules of the order required that "no change of direction shall be valid or have any binding force or effect until ＊ ＊ ＊ a new beneficiary certificate issued." *Held*, that under Laws 1892, c. 690, § 238, rendering such a change "subject to the consent of the association in the form and manner prescribed by its laws," the final designation of U. never became operative.

2. SAME—REVOCATION OF DESIGNATION.

*Held*, further, that the tentative and ineffective designation of U. did not operate to revoke the prior designation of B.

Appeal from special term, Kings county.

Action by Margaret Coyne against Mary Ann Cecelia Bowe and Margaret M. Conroy. From the judgment, Margaret M. Conroy appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles S. Haight, for appellant.
Sidney H. Stuart, for respondent.

HATCH, J. An action having been begun against the Grand Lodge of the Ancient Order of United Workmen of the State of New York, to recover the sum of $2,000 upon a beneficiary certificate issued by the order to Edward Conroy, it admitted liability to some one; and, paying the money into court, it procured the substitution, by order of interpleader, of the defendants. Upon the trial, the plaintiff, being advised that she was without legal interest to the fund, withdrew from the action, and the complaint was dismissed. This left the contention to remain between the defendants. It appeared that Conroy became a member of the order in 1888, and received a certificate in

accordance with its rules, in which he designated his daughter, the defendant Margaret M. Conroy, as beneficiary. Subsequently he changed this designation, and had his wife named as beneficiary. She having died, he designated the defendant Bowe as beneficiary. This was in May, 1896. In February, 1896, in the presence of Louis Ungerland, Conroy filled out the blank form upon the back of the certificate, as required by the rules of the order, when it is desired to change the beneficiary, and wrote therein the name of Ungerland as beneficiary. This act, the proof shows, he acknowledged before a notary public, although that officer's name does not appear thereon. Conroy then caused the certificate, with the designation upon the back, to be delivered to the recorder of his lodge, and the latter signed his name thereon as recorder, affixed thereto the seal of the lodge, and transmitted it to the grand lodge. These acts were performed in the usual manner, and in accordance with the rules of the order. There is no evidence of how long the certificate was kept, or of any action having been taken thereon by the grand lodge. The same certificate was subsequently returned to the recorder, and was by him sent to Conroy. What Conroy thereafter did with the certificate does not appear. It was produced by the respondent upon the trial, and, when produced, the name of Ungerland and the other written words in the blank for changing the designation of a beneficiary were erased by a line drawn through them with a pen. It did not appear who did this. Counsel for the respondent stated upon the trial that he was prepared to prove that the erasing was done by the direction of Conroy, the night before he died. The court stated that it should hold that there was no cancellation of the certificate, and therefore no proof was given upon this subject. It would have been more satisfactory had the proof been received.

It is claimed by the appellant that the legal conclusion following these facts is that there was a revocation of the designation of the defendant Bowe as beneficiary; that, as there was failure to designate Ungerland as beneficiary by the issuance of a new certificate, he did not become a beneficiary, with the result that there was failure to designate a beneficiary, in consequence of which the appellant becomes entitled to take under the rules of the order. The statute (Laws 1892, c. 690, § 238) requires associations of this character to permit a member to make changes in beneficiaries at any time, subject only to the consent of the association in the form and manner prescribed by its laws. Compliance with the rules of the association is an essential prerequisite to a change of beneficiary. Armstrong v. Warren, 83 Hun, 217, 31 N. Y. Supp. 665.

The law of this association provides:

"Any member holding a beneficiary certificate, desirous at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed; * * * but no change of direction shall be valid or have any binding force or effect until it shall have been reported to the grand recorder, the old certificate filed with him, and a new beneficiary certificate issued."

This provision is essentially different from those which were considered in Luhrs v. Luhrs, 123 N. Y. 367, 25 N. E. 388, and Cullin v.

Knights of Maccabees, 77 Hun, 6, 28 N. Y. Supp. 276.    In the former
case a member who desired to change his beneficiary was simply re-
quired to surrender to the lodge of which he was a member his ben-
efit certificate, with direction for change.    Upon payment of the fee
required, the reporter of the lodge transmitted the surrendered certifi-
cate, with the direction, to the supreme reporter, who thereupon can-
celed the old certificate, and issued a new one, payable as directed.
There was no provision as to when the change should have effect,
whether upon the surrender of the old certificate or the issuance of
the new.    As the person in that case had died after a surrender of
the old certificate was had, and before the new one issued, and nothing
more remained for him to do after the surrender, it was held that a
change was effected, and that the issuance of the new certificate
would relate back to the time of the original surrender of the old
certificate to the lodge of which he was a member.    It is quite evident
from the discussion which was had in that case that if there had been
a provision fixing a time when the new designation should take effect,
which had not arrived when death ensued, the decision would have
gone the other way.    It was the absence of all such considerations
which enabled the court to reach the judgment which it pronounced.
In the Cullin Case the difference is more marked.    The law of that
association required that no transfer or assignment of a certificate
should be binding unless with the consent of the supreme commander
and the supreme record keeper, and the surrender of the certificate
transferred or assigned.    The court held that this language did not
apply to a revocation of the direction to pay, which act required no
consent; that it related alone to the transfer or assignment to another
person.    There was in this case no attempt to depart from the bind-
ing force of the provision of the association, and, had the consent
been required for the act of revocation, it would have led the court,
by process of the reasoning which it adopted, to determine that the
revocation was without effect until the consent was given.    These
cases, therefore, as well as the statute, and the authority construing it,
make compliance with the law an essential prerequisite to any change.
Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61.

Force must therefore be given in this case to the provision of the
law fixing a time when the direction for the new designation shall
take effect.    The provision is that no change of direction shall be
valid or have binding force and effect until the new beneficiary certifi-
cate issues.    Change of direction involves power of revocation, as
that is essential in order to divert payment from the person entitled
thereto by the terms of the certificate.    It is quite evident that the
association deemed it wise to provide against a complicated situation
by requiring that no designation or change should be had until it was
evidenced by a new certificate.    This rule ought to receive sanction,
as it will at all times conclusively evidence who the beneficiary is,
and thereby prevent complications, and obviate the difficulty, often
very perplexing, of determining between conflicting claimants.    In
this case no consent was given to change the beneficiary, and no new
certificate was issued.    It might well be concluded that Conroy
changed his mind, and thereby nullified his attempt to make a change.

He evidently knew what was required to effect a change in beneficiary. He had twice effected a valid change, and he followed the usual course in this case in order to accomplish a third change.    He must therefore be presumed to have known what the requirements of the association were, not alone by being a member, but by actual use of its procedure.    He knew that the association had failed to act, that the old certificate was returned, and he received it without objection.    We think this excludes the conclusion that he had made successful revocation or designated a new beneficiary.    On the contrary, we regard · it as essentially inconsistent, not only with an accomplished change, but with a continuous disposition to change.    At the most, it only shows that at one time he contemplated a change which he subsequently abandoned.    If, however, we were able to construe his act as working a revocation of beneficiary, we are unable to see how it inures to the benefit of the appellant.    If the act of Conroy was good as a revocation, it was also good as a designation.    As we have observed, there is no rule of this association, as in the Cullin Case, supra, wherebv revocation might be had without consent of the association.    Provision is here made for revocation and designation.    Where the first is accomplished, the last is complete.    If the designation of Bowe was revoked, then it follows that Ungerland was named; and, if he was named, then the daughter is without interest.    In no view of the case, therefore, is the appellant entitled to the fund.

The judgment should be affirmed.    All concur.