A. J. KEMPER, *Administrator*, v. THE MODERN
WOODMEN OF AMERICA.

**No. 13,651.**   ( 78 Pac. 452.)

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Fraternal Beneficiary Associations—Change of Beneficiaries.* A by-law of a fraternal benefit association provided that ''no change in the beneficiary shall be effective until the delivery of the new certificate, and until such time the old certificate shall be held in force.'' A member executed a surrender clause in due form on the back of his certificate, and changed the name of the beneficiary from his wife to his brother. It was mailed to the head clerk in another state, who was authorized to make the change and issue a new certificate. Before its receipt by the clerk the member died. No new beneficiary certificate was issued. In an action by the brother of the deceased against the society to recover the amount of the insurance, *held,* that no recovery could be had.

2. ——— *Cases Followed and Distinguished.* The case of *Olmstead v. Benefit Society*, 37 Kan. 93, 14 Pac. 449, followed, and that of *Titsworth v. Titsworth*, 40 Kan. 571, 20 Pac. 213, distinguished.

Error from Sumner district court; IVAN D. ROGERS, judge *pro tem.* Opinion filed November 5, 1904. Affirmed.

*Hackney & Lafferty*, and *Ed. T. Hackney*, for plaintiff in error.

*Benjamin D. Smith, Elliott & Burnette*, and *S. H. Harris,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : Hemmo Ruiter held a benefit certificate in the Modern Woodmen of America, $2000 in amount, payable at death to his wife, Ida Ruiter. On February 13, 1900, the insured filled out and signed a blank form, on the back of his certificate, in which he re-

quested its cancelation and that a new one be issued in the same amount, payable to John Ruiter, a brother. The written request was duly acknowledged before a notary public. The certificate with the request for a change in the beneficiary was mailed at Stillwater, Okla., directed to the head clerk of the society at Rock Island, Ill., on February 13, 1900. A fee of fifty cents was remitted with it. On February 15 Hemmo Ruiter died. The letter transmitting the certificate and the request for a change of beneficiary was received by the head clerk on February 16. The claim against the society was afterward allowed without determining to whom it should be paid. After such allowance, John Ruiter, the beneficiary, died, and this action was begun by his administrator to recover the insurance. A short time after this suit was instituted, Ida Ruiter, the widow, sued in Oklahoma to recover on the certificate. She had judgment for the amount against the society, which it paid. The present action was tried without a jury, resulting in a judgment denying a recovery, and in favor of defendant below, the Modern Woodmen of America.

A by-law of the society affecting the power of a member to change a beneficiary, which was applicable to the rights of the parties, reads as follows:

"If a member in good standing at any time desires a change in the name of his beneficiary or beneficiaries, he shall pay to the camp clerk a fee of fifty cents and deliver to him his benefit certificate, with the surrender clause on the back thereof duly filled out and executed by him, designating therein the change desired in the name of the beneficiary or beneficiaries. The execution of such surrender clause by the neighbor shall be in the presence of, and attested by, his camp clerk; provided, however, that if the member be so situated that he cannot execute the said surrender in the presence of the clerk of his camp, the sig-

nature of the member thereto may be attested by the jurat or acknowledgment of any person authorized by law to administer oaths and take acknowledgments. The local clerk shall forward said certificate with said surrender clause indorsed thereon, and one-half of said fee of fifty cents, to the head clerk, who shall thereupon issue a new benefit certificate, payable to the beneficiary or beneficiaries named in said surrender clause. No change in the beneficiary shall be effective until the delivery of the new certificate, and until such time the old certificate shall be held in force ; provided further, that the new beneficiary or beneficiaries so named shall be within the description of beneficiaries contained in section 40 hereof. No change in the designation of the beneficiaries shall be of binding force unless made in compliance with this section.''

It is urged by counsel for plaintiff in error that, the member having satisfied all the conditions on his part necessary to make a change in the beneficiary, the trial court should have applied the equitable doctrine to the facts and treated the expressed desire of the insured as an accomplished fact, in consonance with the principle that courts will decree that to be done which ought to be done.

It must be kept in mind that "the rights of members in beneficial societies like the Modern Woodmen rest in contract." (*Modern Woodmen v. Taylor*, 67 Kan. 368, 374, 71 Pac. 806, 808.) The member in this case contracted that in the event he desired to change the beneficiary named in the original certificate he would surrender it, pay a fee to the head clerk, and that no change in the beneficiary should be effective until the delivery of the new certificate, and until such time the old certificate should be held in force. The new certificate was never delivered to the member, or to any other person for him. He died before his request for a change was received by the officer of the society on

whom the duty was imposed to issue a new certificate
in lieu of the old.  Section 41 of the by-laws above
set out provides, further, that "no change in the des-
ignation of the beneficiaries shall be of binding force
unless made in compliance with this section."

In *Olmstead v. Benefit Society*, 37 Kan. 93, 96, 14 Pac.
449, 451, the court declined to decide the question
whether the right of a beneficiary was vested when
the policy was issued, or was subject to the will of
the assured alone, with respect to making a change.
The court did say :

"It is clear that the beneficiary can only be changed
and the benefit transferred to another in the manner
prescribed by the rules and regulations of the society,
and in accordance with the terms of the contract.
. . . If we assume, as the authorities appear to
hold, that a member of a cooperative society retains
the power to change the beneficiary, still he cannot
exercise his power except with the consent of the so-
ciety, and in conformity with the rules and regula-
tions of the society."

In *Titsworth v. Titsworth*, 40 Kan. 571, 20 Pac. 213,
relied on by plaintiff in error, it was stated that a rule
of the society prescribing the manner by which a
member may dispose of his insurance is directory in
character, for the protection of the company only.
The facts were that Titsworth, a member of the An-
cient Order of United Workmen, a fraternal associa-
tion, held a benefit certificate for the sum of $2000,
payable to his wife.  In July, 1886, he was divorced.
In August the original certificate was surrendered and
another issued, payable at death to his mother and
brother, in equal amounts.  After Titsworth's death
the mother brought an action against the society,
based on the benefit certificate.  The society appeared,
paid the $2000 into court, and asked that the wife be

made a party, which was done.   The society was by
order of the court released from any further obliga-
tions respecting the amount of insurance.   It took no
further part in the litigation.   The signature of the
member desiring to change the beneficiary was not
made in the presence of the recorder, or attested by
the seal of a notary public or some officer of a court
of record having a seal, and hence it was claimed that
it was ineffectual to change the direction of the bene-
fit.   The court said :

"The precise contention is that this last benefit
certificate, not having been issued in the exact manner
prescribed by the by-laws of the association, was a
nullity, and the first certificate, in which the plaintiff
in error was the beneficiary, remains in force." (Page
575.)

The court then proceeded to hold, citing cases in
support of its ruling, that the society having *issued* a
new certificate, changing the beneficiary from the
wife to the mother, all questions whether it was done
in conformity with the rules and regulations were
concluded.   It was further held that the society, hav-
ing paid the insurance money into court, admitted that
the certificate was rightfully issued, and that all con-
tention whether its rules and regulations respecting
these matters had been complied with were out of the
case and disposed of entirely.

The Titsworth case would be applicable here if in
the present case the benefit certificate had been changed
and delivered in the lifetime of Ruiter, the insured,
but the request therefor was so defectively made as to
violate the rules of the society.   Language used in an
opinion, or syllabus, beyond that necessary to decide
the controversy on the precise facts before the court
does not have the authoritative force of precedent in

other cases. For this reason those expressions in the Titsworth case relating to the directory character of by-laws, which point out the manner of making a change in beneficiaries, were not necessary to be used in disposing of the case on the facts. This is a controversy directly between the new beneficiary and the society which insured the life of the deceased. There is no contention that the rule respecting the changing of beneficiaries is unreasonable. The benefit certificate issued to Hemmo Ruiter in his lifetime recites on its face that it is both a certificate and a contract, and he received it agreeing, as the policy recites, "that all the conditions contained in this certificate and the by-laws of this society, as the same now exist, or may be hereafter modified or enacted, shall be fully complied with."

In a late Nebraska case (*Counsman v. Modern Woodmen of America*, 96 N. W. 672) it was held, under a by-law identical with the one quoted, that the change could be made only on compliance with the laws of the society. To the same effect see *National Mut. Aid Society v. Lupold*, 101 Pa. St. 111; *Independent Foresters v. Keliher*, 36 Ore. 501, 59 Pac. 324, 1109, 60 Pac. 563, 78 Am. St. Rep. 785; *Coyne v. Bowe*, 23 Hun, App. Div. 261, 48 N. Y. Supp. 937.

In cases where the rules of the society prescribe simply that the member shall note the change of beneficiary on his certificate in a prescribed form, and report his action to a particular officer of the society by transmitting his old certificate, and such officer is then required to issue a new one to the member, it has been held that the change takes effect when the assured has done all the things required of him. (*Luhrs v. Luhrs*, 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, 20 Am. St. Rep. 754; *Cullin v. Knights of Mac-*

Kemper v. Modern Woodmen.

*cabees,* 77 Hun, 6, 28 N. Y. Supp. 276 ; *Supreme Con-claved Royal Adelphia v. Cappella,* 41 Fed. [C. C.] 1.)

In *Coyne v. Bowe, supra,* the distinction is noted between such cases and those where the members' rights are affected by rules governing the case at bar.   The court said :

"Force must therefore be given in this case to the provision of the law fixing a time when the direction for the new designation shall take effect.   The provision is that no change of direction shall be valid or have binding force and effect until the new beneficiary certificate issues.   Change of direction involves power of revocation, as that is essential in order to divert payment from the person entitled thereto by the terms of the certificate.   It is quite evident that the association deemed it wise to provide against a complicated situation by requiring that no designation or change should be had until it was evidenced by a new certificate.   This rule ought to receive sanction, as it will at all times conclusively evidence who the beneficiary is and thereby prevent complications and obviate the difficulty, often very perplexing, of determining between conflicting claimants.   In this case no consent was given to change the beneficiary, and no new certificate was issued."   ( Page 265.)

It was competent for the assured to contract with the society of which he was a member that no change in his certificate respecting the beneficiary should take effect until the new certificate should be delivered to him. He did so agree, and we are merely upholding the stipulations in his contract when we decide that there can be no recovery against the society on a certificate never delivered.   One party to a contract cannot annul its conditions without the consent of the other. As held in the case last quoted from, the contract ought to be sanctioned, as it makes certain who the beneficiary is and prevents complications and diffi-

culties arising in determining the rights of conflicting claimants.    This was the undoubted purpose in making the by-law under consideration.

The judgment of the court below is affirmed.

All the Justices concurring.