STEMLER, Appellant, v. STEMLER, Respondent.

(141 N. W. 780.)

1. **Insurance—Fraternal Insurance—Change of Beneficiary—By-Law.**

The provision in a fraternal benefit certificate and in the insurers by-law that no change of beneficiary shall be effective until the old certificate is delivered to the head clerk of the order and a new certificate issued during the life-time of the member, and until such time the old certificate shall remain in force, must be substantially complied with; and **held,** that where a member executed the surrender cleause designating the desired change of beneficiary, but did not deliver the old certificate to such clerk, who received it and issued a new certificate after the member's death and without knowledge thereof, there was no change of beneficiary.

2. **Insurance—Fraternal Insurance—Change of Beneficaries—Conditions Stipulated by Fraternal Order—Compliance.**

A fraternal benefit association may stipulate methods and conditions under which a substitution of beneficiaries may be effected, and unless such methods and conditions are complied with no substitution takes place, unless the member has done all in his power to effect a change, in which case the courts recognize the change.

## ONE HUNDRED SEVENTY-THREE.

**3. Insurance—Fraternal Insurance—Change of Beneficiary—Estoppel.**

The rights of a beneficiary in an original fraternal beneficiary certificate, as well as the rights of the beneficiary named in a new certificate depend, as between themselves, on the contract between the member and the fraternal insurance association at the time of the member's death; and where at the time of his death the rights of the beneficiary under the original certificate become vested, the association could not, by any waiver thereafter, affect the vested right.

(Opinion filed May 24, 1913.   Rehearing denied July 19, 1913.)

Appeal from Circuit Court, Davison County.   Hon. FRANK B. SMITH, Judge.

Action by Maude Stemler, a minor, by Anna Streeck, her guardian, against John D. Stemler, for recovery of the amount of a benefit under a fraternal beneficiary certificate issued by the Modern Woodmen of America.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded, with directions.

A. E. Hitchcock, for Appellant.

The contract of insurance by and between the society and the member includes the application, the certificate, by-laws and constitution.   Niblick on Benefit Societies, Par. 136, p. 271; Bacon on Benefit Societies, Par. 37, 91, 116; Shuman v. A. O. U. W., 82 N. W. 331 (Iowa 1901); Congdon v. Mutual Reserve Association, 73 Am. St. Rep. 179; Royal Arcanum v. Brashers, 73 Am. St. Rep. 244; Brown v. Storkle, 3 L. R. A. 430.

The by-laws of a mutual benefit association may be amended at any time, and when so regularly and not illegally amended, such amendments are binding on all members, both old and new. Miller v. Knights and Ladies of Security, (Kans.) 76 Pac. 830; Niblick, paragraphs 28, 18, 24, 26 and 127; Bacon 2d Ed. (Par. 91); Loeffler v. Modern Woodmen of America, (Wis.) 75 N. W. 1012; Fullenweider v. Supreme Council, 72 Am. St. Rep. 244; Supreme Lodge, K. of P., v. Knight, 3 L. R. A. 409; Smith v. Maccabees, 49 Atl. (Pa.) 784.

The by-laws of the mutual benefit association are mandatory and not merely directory.   Modern Woodmen of America v. Tayloy, (Kans.) 71 Pac. 806; Niblick on Benefit Societies, paragraph 220, and cases cited; Bacon on Benefit Societies, paragraph 307

(2d Ed.) ; Shuman v. A. O. U. W., 82 N. W. (Iowa 1900) 331
(note cases cited) ; Coleman v. Supreme Lodge, 18 Mo. App.
189; Harman v. Lewis, 24 Fed. 97.

The beneficiary named in a certificate of a fraternal beneficiary
association had no vested interest during the life of the member;
but in the death of such member the person who under the terms
of the contract with the association is then entitled to receive the
benefits provided for in the certificate, does acquire a vested in-
terest therein.  Holden v. Modern Brotherhood of America, 132
N. W. 331 (Iowa) ; Shuman v. A. O. U. W. 110 Iowa, 642, 82
N. W. 331; Mandell v. Mystic Toilers, 130 Iowa, 639, 105 N. W.
448; Counsman v. Modern Woodmen of America, 96 N. W.
672 (Neb.) ; Coyne v. Bowe, 48 N. Y. Sup. 937 (N. Y.), affirmed
57 N. E. 1107.

A mere intention on the part of the member to change the
beneficiary, not acted upon in the manner required by the constitu-
tion  of the association during the lifetime of the member, is in-
effectual, and the first beneficiary on the death of the member
without the required steps having been taken to effect a change
acquired a vested right. Id.

The insurance company did not, by depositing the fund in
court, waive its right to stand upon the provision in its by-law
regarding the legal beneficiary under the original certificate.  Mc-
Laughlin v. McLaughlin, 37 Pac. 865 (Cal.) ; Independent Order
of Foresters v. Keliher (Ore.) 59 Pac. Rep. 325.

On the death of such member the person who under the terms
of the contract with the association is then entitled to receive the
benefits provided for in the certificate does acquire a vested in-
terest therein   The defendant association had a perfect right in
entering into a contract with its members to stipulate the methods
and conditions by and under which a substitution of beneficiary
could be effected, and, unless such methods and condition were
adopted and complied with, no substitution took place.  Holden v.
Modern Brotherhood of America, 132 N. W. 329 (Iowa).

*Fellows & Fellows,* for Respondent.

The certificate of membership, the constitution and the by-
laws constitute the contract between the member and the associa-
tion and not with the beneficiary, and the by-laws cannot avail
the appellant in this case as all questions as to compliance with

the by-laws were concluded when the company paid the money into court and was discharged.

If the association waives a strict compliance with its own rules, and issues a new certificate pursuant to request made by the member, or if it pays the money into court and is discharged, the original beneficiary cannot be heard to complain of non-compliance with the by-laws, the rule being for the protection of the company. Sup. Con. v. Capella, 41 Fed. 1; Titsworth v. Titsworth, (Kans.) 20 Pac. 213 Shoenau, v. A. O. U. W., 85 Minn. 349, 88 N. W. 999; DePee v. A. O. U. W. 106 Iowa, 747, 76 N. W. 798; Penn R. Co. v. Wolfe, 203 Pa. 269, 52 Atl. 247; Henderson v. M. B. A., 146 S. W. 102, 163 Mo. App. 186.

If the member does all that is required of him by said rules and dies before the association acts upon his request, equity will consider the change as complete. Heydorf v. Conrack, 52 Pac. 701; Supreme Conclave v. Cappella, 41 Fed. 1; Heydorf v. Conrock, (Kans.) 52 Pac. 701; Holden v. M. B. A., 132 N. W. 329 (Iowa); McGowan v. Sup. Ct. I. O. F., 104 Wis. 173, 80 N. W. 603.

McCOY, J. Based upon an agreed statement of facts, findings and judgment were in favor of defendant. Plaintiff appeals.

One Jacob Stemler died on the 28th day of January, 1911. Twelve years prior thereto he had become a member of the Modern Woodmen of America, and there had been issued to him a benefit certificate in the sum of $2,000, payable to Mollie Stemler, his wife, the beneficiary therein named, and which certificate in effect provided that, in case of the death of said Mollie Stemler prior to the death of said Jacob Stemler, then, and in that event, the said sum should be payable to the heirs of said Jacob Stemler. The said certificate also contained the further provision that the by-laws of said Modern Woodmen form a party of the contract between the said Modern Woodmen and said Jacob Stemler, and said by-laws provide that, if a member at any time desires to change his beneficiary and obtain a new certificate, he shall deliver to the local camp clerk his benefit certificate, with the surrender clause on the back thereof duly filled out and executed by him, designating therein the change desired in the beneficiary, which surrender clause shall be executed in the presence of and attested by the local camp clerk, or any person authorized by law

to administer oaths and take acknowledgments; and that the local clerk shall thereupon forward said certificate with said surrender clause, to the head clerk, who shall thereupon issue a new certificate payable to the beneficiary named in said surrender clause, and no change in the designation of beneficiary shall be effective until the old certificate shall have been delivered to the head clerk and a new certificate *issued during the lifetime of the member,* and until such time the old certificate shall remain in force. On the 26th day of January, two days before his death, Jacob Stemler executed the surrender clause on the back of his original certificate, before a notary public, and therein requested the issuance of a new certificate wherein the defendant, John D. Stemler, a brother, should be named as beneficiary. On the 28th day of January, the day of the death of Jacob Stemler, the said original certificate, with the surrender clause and request for change of beneficiary indorsed thereon, was delivered to the local camp clerk, at Plankinton, S. D., and the same was on said day, by said local camp clerk, by mail, forwarded to the head clerk of the Modern Woodmen of America, at Rock Island, Ill., and the same was received by said head clerk at his office on January 30th, and thereupon, without any knowledge or notice of the death of said Jacob Stemler, the said head clerk issued to said Jacob Stemler a new benefit certificate wherein the said John D. Stemler was named as beneficiary, and which new certificate was immediately forwarded to said local camp clerk, who did not deliver the same to any person, but on the 4th day of February following returned the said new certificate to said head clerk, at Rock Island, pursuant to directions from said head clerk, who had in the meantime been notified of the death and time thereof of Jacob Stemler. Both Maude Stemler, the minor daughter, and John D. Stemler, brother of said Jacob Stemler, made claim against the Modern Woodmen for the payment of said $2,000; the said Maude Stemler basing her claim upon the old original certificate, and John D. Stemler basing his claim upon the new certificate. Plaintiff, Maude Stemler, originally commenced this action against the Modern Woodmen, and thereafter the Modern Woodmen appeared and stated that it was ready and willing to pay said sum to plaintiff, except for the claim of John D. Stemler thereto. Thereafter, by stipulation, the said John D. Stemler was

substituted as defendant in place of the Modern Woodmen. Prior to decision plaintiff requested the court to find that the original certificate issued to said Jacob Stemler was in force at the time of his death and fixed the liability of said association and the rights of the parties to the benefits of said certificate, and that plaintiff was entitled to judgment awarding her the proceeds of said original certificate, and which requested finding was refused by the court. Thereafter the court made the finding that the insured, Jacob Stemler, in his lifetime did everything on his part to be done and performed in order to effect a change of beneficiary in strict accordance with the terms of the contract between him and said Modern Woodmen and the by-laws of said association; and, as between the parties to this action, a change of beneficiary was thereby effected; and that defendant, John D. Stemler, is the equitable owner of the avails of said certificate and entitled to judgment therefor. Plaintiff, the appellant, assigns as error the refusal of the trial court to make the findings and render judgment as requested by plaintiff, and also assigns as error the making of the findings and rendition of judgment in favor of defendant.

[1] We are of the opinion that upon the facts judgment should have been rendered in favor of plaintiff. Whether the plaintiff or whether the defendant was the beneficiary under the benefit certificate of Jacob Stemler, deceased, depended upon the contract in existence between the Modern Woodmen of America and said Jacob Stemler at the time of his death. The decisive question is, Who was the beneficiary at the time of the death of the insured? After the death of Mollie Stemler, the wife, and up until the 26th day of January, 1911, there was no dispute but what Maude Stemler, the minor daughter, was the beneficiary under the original certificate. Did the insured on or after the said 26th day of January take such steps and do the things, under the terms and conditions of his contract, that were necessary and essential to effect a change of beneficiary? The only evidence is a surrender clause and request for change of beneficiary, indorsed on the back of the original certificate, appearing to have been executed, signed, and acknowledged by Jacob Stemler, the insured, on the 26th day of January, 1911. The record is silent as to what were the attending circumstances surrounding the execution of this seemingly unnatural execution of surrender clause and

request for change of beneficiary. Did Jacob Stemler deliver the same to any one, and, if so, to whom, and what were the circumstances and conditions of such delivery? Who delivered this original certificate and said indorsement thereon to the local camp clerk on the 28th day of January, and was such delivery to said local camp clerk made before or after the time of the death of the insured? On these pertinent questions the record is silent.

The respondent is resting alone on the fact of the appearance of said signed and acknowledged indorsement on the back of the original certificate requesting the change of beneficiary, and the further fact that the head clerk two days after the death of the insured, and without notice of such death, issued a new certificate to Jacob Stemler, with respondent named therein as beneficiary. The bare execution and acknowledgment of such a surrender clause and request for change of beneficiary would certainly be ineffectual for any purpose if no delivery or other steps were taken towards carrying the said execution thereof into effect. Such an insured might, we apprehend, duly sign and acknowledge such a surrender clause and still retain the same for years in his own possession and control, without any effort or attempt to deliver the same or carry the same into effect, and his death occur with the same still in his possession and under his control undelivered, and under such circumsances alone ti could not be successfully contended that there had been a change of beneficiary. This is substantially the situation here present, so far as disclosed by the record. What part Jacob Stemler took in getting said signed and acknowledged surrender clause into the hands of the head clerk does not appear. After the death of Jacob Stemler, the Modern Woodmen Association, or its head clerk, was powerless to enter into any new contract with him, or change any old contractual relation existing between them; it was beyond their power to in any manner contract with such deceased member, whether they had notice of his death or not; hence, under the circumstances of this case, whatever action in relation to the contract of Jacob Stemler was taken on the part of the Modern Woodmen after his death was wholly ineffectual for any purpose whatsoever, and this case must be determined upon the contractual relations existing between Jacob Stemler and the Modern Woodmen at the instant of his death. It will be observed that the contract, as evidenced by

the original certificate and by-laws, between said insured and the Modern Woodmen provided that: "No change in the designation of beneficiary shall be effective until the old certificate shall have been delivered to the head clerk and a new certificate issued during the lifetime of the member, and until such time the old certificate shall remain in force." This was a contract the parties had a right to make, and in order to effect a change of beneficiary this provision of the contract must be substantially complied with. There was no delivery of the old certificate to the head clerk or issuance of a new one during the lifetime of the insured member, and the old certificate was therefore in full force and effect at the time of the death of the said insured, and the right of the plaintiff to the proceeds of said original benefit certificate, immediately upon such death, because vested in plaintiff, and it was thereafter beyond the power of the Modern Woodmen to change or effect such vested right of plaintiff by the revocation of the old and issuance of a new certificate in which defendant was designated as beneficiary.

[2] It seems to be generally held that a fraternal beneficiary association may stipulate methods and conditions by and under which a substitution of beneficiaries may be effected, and, unless such methods and conditions are adopted and complied with, no substitution will take place. Holden v. Modern Brotherhood of America, 151 Iowa, 673, 132 N. W. 329; Kemper v. Modern Woodmen of America, 70 Kan. 119, 78 Pac. 452; Shuman v. Ancient Order of United Workmen, 110 Iowa, 642, 82 N. W. 331; Wandell v. Mystic Toilers, 130 Iowa, 639, 105 N. W. 448, Counsman v. M. W. A., 69 Neb. 710, 96 N. W. 672, 98 N. W. 414; National Aid Society v. Lupold, 101 Pa. 111; Ind. Foresters v. Keliher, 36 Or. 501, 59 Pac. 324, 1109, 60 Pac. 563, 78 Am. St. Rep. 785; Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937.

In the Holden Case, where the Supreme Court of Iowa had before it for construction an identical provision of a certificate in relation to change of beneficiary, speaking through Deemer, J., that court said: "It is well settled by the authorities that the beneficiary named in a certificate of a fraternal beneficiary association has no vested interest during the life of the member; but on the death of such member the person who, under the terms of the

contract with the association, is then entitled to receive the benefits provided for in the certificate does acquire a vested interest therein. * * * The defendant association had a perfect right, in entering into a contract with its members, to stipulate the methods and conditions by and under which a substitution of beneficiary could be effected, and unless such methods and conditions were adopted and complied with, no substitution took place, and plaintiff, unless there be some exceptions to the rule, is entitled to the proceeds of the certificate."

In Wandell v. Mystic Toilers, the court held that: "A mere intention on the part of the member to change the beneficiary, not acted upon in the manner required by the constitution of the association during the lifetime of the member, is ineffectual, and the first beneficiary, on the death of the member without the required steps having been taken to effect a change, acquired a vested right."

In Shuman v. A. O. U. W. it was held that the effort of a member to change the beneficiary in his certificate, not made in accordance with the rules of the association regulating the manner in which such changes might be made, was ineffectual.

In Kemper v. Modern Woodmen of America a precisely similar clause of a beneficiary certificate and by-law was under consideration by the Supreme Court of Kansas, in a case where the deceased member had duly executed a surrender clause, in due form, on the back of his certificate, and requested a change in the name of the beneficiary from his wife to his brother, and mailed the same to the head clerk, who was authorized to make the change and issue a new certificate, but before its receipt by the head clerk the member died, and in an action by the brother of the deceased against the association it was held that no recovery could be had. In deciding this case the court said: "It is urged by counsel for plaintiff in error that, the member having satisfied all the conditions on his part necessary to make a change in the beneficiary, the trial court should have applied the equitable doctrine to the facts and treated the express desire of the insured as an accomplished fact, in consonance with the principle that courts will decree that to be done which ought to be done. It must be kept in mind 'that the rights of members in beneficial societies like the Modern Woodmen rest in contract.' The member in this

case contracted that, in the event he desired to change the beneficiary named in the original certificate, he would surrender it, * * *. and that no change in the beneficiary shall be effective until the delivery of the new certificate, and until such time the old certificate shall be held in force. The new certificate was never delivered to the member or to any other person for him. He died before his request for a change was received by the officer of the society of which he was a member, on whom the duty was imposed to issue a new certificate in lieu of the old. * * * It was competent for the assured to contract with the society of which he was a member that no change in his certificate respecting the beneficiary should take effect until the new certificate should be delivered to him. He did so agree, and we are merely upholding the stipulations in his contract when we decide that there can be no recovery against the society on a certificate never delivered. One party to a contract cannot annul its conditions without the consent of the other, as held in the case last quoted from. The contract ought to be sanctioned, as it makes certain who the beneficiary is, and prevents complications and difficulties arising in determining the right of conflicting claimants. This was the undoubted purpose in making the by-law under consideration." The facts of the Kemper Case, are, in principle and effect, precisely similar to the case at bar up to the time of the death of insured. In that case no new certificate was issued at all, while in the case present a new certificate was issued but two days after the death of insured, without knowledge thereof, but which certificate was never delivered, and, as we view this case, was wholly without contractual effect for reasons already stated.

In the case of Coyne v. Bowe, quoted with approval in the Kemper Case, the New York Court of Appeals, in construing a similar provision of certificate and by-law, said: "Force must therefore be given in this case to the provision of the law fixing the time when the direction for the new designation shall take effect. The provision is that no change of direction shall be valid or have binding force and effect until the new beneficiary certificate issues. Change of direction involves power of revocation, as that is essential in order to divert payment from the person entitled thereto by the terms of the certificate. It is quite evident that the association deemed it wise to provide against a compli-

cated situation by requiring that no designation or change should
be had until it was evidenced by a new certificate. This rule ought
to receive sanction, as it will at all times conclusively evidence
who the beneficiary is and thereby prevent complications, and
obviate the difficulty, often very perplexing, of determining be-
tween conflicting claimants. In this case no consent was given to
change the beneficiary, and no new certificate was issued."

To the general rule, as announced in the foregoing decisions,
that the insured must substantially comply with the terms of his
contract to effect a change of beneficiary, there are exceptions, well
recognized by courts, dependent upon the circumstances of each
particular case. For various reasons courts, in the exercise of
equity powers, have excused the compliance with the contract by
the insured. In Titsworth v. Titsworth, 40 Kan. 571, 20 Pac.
213, where the insurer issued a new certificate and delivered the
same to the insured prior to his death, it was held that the new
certificate was in force, although the method and conditions of
the contract had not been complied with to obtain the new cer-
tificate, on the ground that the insurer had waived the contract
procedure by issuing the new certificate, and that it was the new
certificate that was in force and constituted the contract at the time
of the death of the insured. There is another class of cases that
constitute an exception to the general rule, wherein the courts
apply the equitable rule by decreeing that to be done which ought
in equity to have been done. In cases where the insured has lost
the original certificate, or where the original certificate is in the
hands of some third party who will not or cannot deliver the
same to the insured, he has been excused from making the actual
surrender of the original certificate, and where, prior to his death,
he has done everything within his power to comply with the re-
quirements of his contract, where he has presented to the in-
surer the facts and requested the change of beneficiary prior to
his death, and there remained nothing else to be done or that
could have been done on his part, and nothing to be done on the
part of the insurer except the issuance of the new certificate,
under such circumstances the courts have decreed that that should
be treated as done which should have been done, and held that the
change of beneficiary had legally taken place, although, as a matter
of fact, the new certificate had not been issued. Holden v. M.

B. A., supra. Respondent contends the case present falls within the exception to the general rule last mentioned. We are of the opinion that this contention is not tenable. In the cases falling within this exception, all those matters and things which require the insurer to act in the matter of issuing the new certificate must have been done, performed, and in existence, and brought to the attention of the insurer prior to the time of the death of the insured, so as to place the insurer in the position where it ought to have issued the new certificate prior to the death of the insured. The time never arrived during the lifetime of Jacob Stemler, under the circumstances of this case, when the Modern Woodmen was required to or ought to have issued the new certificate, and the case at bar, therefore, is not within the execption to the general rule. Coyne v. Bowe, supra.

Defendant is relying upon the bare naked legal effect of the execution and acknowledgment of the surrender clause appearing on the back of the original certificate. There are no surrounding circumstances. There is nothing in the circumstances of this case excusing the insured from complying with the terms of his contract as to change of beneficiary. If he had desired to make such change, after the death of his wife, he had more than three years in which to have accomplished that purpose. His contract required that he must not only execute the surrender clause on the back of the old certificate, but that he must deliver the same to the head clerk and that a new certificate should issue during his lifetime in order to effect a change of beneficiary. The Modern Woodmen had the right to and did designate the particular act on its part which should effect the change of benefiicary, which particular act was the issuance of the new certificate during the lifetime of the insured. The surrender of the old certificate and issuance of the new implied a revocation of the old. He therefore did not do, during his life, all in his power, or all those things required by his contract which were necessary and essential to put the Modern Woodmen Association in a position where it should have revoked the old certificate and ought to have issued the new. What he failed to do in this regard during his life could not be done by others after his death. The original certificate was unrevoked and in full force and effect at the time of the death of Jacob Stemler.

[3] It is contended by respondent that, by reason of the Modern Woodmen Association having paid into court the money due on the certificate of Jacob Stemler, such association is in no manner interested, and that it has waived the matter of the procedure for its benefit required to be taken to effect the change of beneficiary, and that as between plaintiff and defendant the change of beneficiary should be held to have legally taken place. Under some circumstances this proposition might be true, but it is also, nevertheless, true that the rights, as between plaintiff and defendant, depend upon the contract in existence between Jacob Stemler and the Modern Woodmen at the time of his death. Upon his death the rights of plaintiff under the old certificate became vested, and it was thereafter not within the power of the Modern Woodmen to make any waiver that would change or affect such vested right. Under some circumstances, such waiver of procedure might have been made prior to the death of the insured, but not afterwards. In Titsworth v. Titsworth, supra, where this question is discussed, it appeared that the new certificate was issued and delivered to the insured before his death. This distinction is recognized and discussed in the Kemper Case.

The judgment of the circuit court is reversed, and the cause remanded, with directions to enter judgment in favor of plaintiff upon the findings.