SHEFFIELD, Respondent, v. MODERN WOODMEN OF
AMERICA, et al., Appellants, (GILLETTE, et al.,
Interveners and Appellants.)

(184 N. W. 239.)

(File No. 4857.    Opinion filed August 31, 1921.    Rehearing denied
November 22, 1921.)

1.  Insurance—Mutual Insurance—Change of Beneficiaries In Alter-
    native, Death Before Change Approved, Effect Re Insurer's
    Liability.

       Decedent, a member of defendant corporation Modern Wood-
    men of America, who held a benefit certificate payable at his
    death to his heirs, executed a change of beneficiary otherwise
    conforming to the association's form, but payable "to F. S. or
    C. L. S. who is related to me as sister and niece," which certi-
    ficate of change was forwarded by defendant's local clerk to
    the head office, where it was received two days before insured's
    death, and was returned to local clerk the day following his
    death, as not acceptable because of fact that designation of
    beneficiary was in the alternative and therefore unacceptable
    under the Society's by-laws, with further instructions that "if
    insured wishes to designate C. L. S. as a beneficiary he should
    by letter trace relationship between them going back to com-
    mon ancestor, as his niece is not eligible to be a beneficiary
    unless the relationship exists by blood and is not further re-
    moved than the first degree." C. L. S. had long been dead at
    that time.    F. S. sued as beneficiary, alleging substitution of
    beneficiary; the heirs intervening; said by-laws providing that
    no change in designation of beneficiary is effective until new
    certificate issued by Head Clerk and within member's lifetime,
    that in case of change of beneficiaries, Society's liability shall
    continue under old certificate until new one issued by Head
    Clerk.    Held, (following Stemler v. Stemler, 31 S. D. 595) that
    the parties had a right to make said contract, and that to effect
    change of beneficiary such by-laws must be substantially com-
    plied with; and, the change of beneficiaries not having been
    accepted during lifetime of deceased in accordance with said
    by-laws and insurance contract, trial court erred in entering
    judgment for plaintiff, unless the case was within the equitable
    rule of decreeing that that be done which ought in equity to
    have been done, by having done everything in his power to
    comply with contract requirements, by requesting of insurer
    the change of beneficiaries prior to his death, and where there
    remained nothing else to be or that could have been done by
    him, and nothing to be done by insurer except issuance of new
    certificates; but the instant case does not come within said

rule; since the time never arrived during this insured's life-
time when said Society should have issued new certificate.    That
in order to justify application to this equitable exception to
the rule Court must hold that the company's action in refusing
assent to the application for the change of beneficiaries was
arbitrary and capricious; but the ambiguous request here made
does not establish that he had done all he could or should have
done to effect the change; and company's action was not arbi-
trary; nor was it arbitrary or capricious to require showing that
if a niece was to be made beneficiary she must be a relative by
blood and not a niece by marriage.

2   Costs—Unsuccessful Suit Re Mutual Life Insurance by Alleged
    Beneficiary Under Changed Certificate—Heirs Intervening,
    Trial and Appellate Costs Adjudged in Their Favor.

    Where an unsuccessful suit is brought upon a mutual in-
    surance policy by one claiming to have been designated in
    insured's request for change of beneficiary, the heirs interven-
    ing, costs under reversal of judgment for plaintiff will be taxed
    in favor of interveners and against respondent.

        Whiting, J., not sitting.

Appeal from Circuit Court, Moody County.    Hon Louis L.
Fleeger, Judge.

Action by Florence Sheffield, against the Modern Woodmen
of America, (Maggie Gillette and others intervening as heirs of
decedent.) to recover upon a policy of mutual benefit life insur-
ance.    From a judgment for plaintiff, and from an order denying
a new trial, defendants interveners appeal.    Reversed. and re-
manded with directions to enter judgment against defendant cor-
poration in favor of interveners.

*Rice & Rice,* and *Brady, Robertson & Bonner,* for Appellants.
*Frederick A. Warren,* and *Bates, Johnson & Simons,* for Re-
spondents.

(1)    Under point one of the opinion, Appellants cited, to
point that new certificate must have been issued before change
in beneficiary is effected:    1st Bacon Insurance & Benefit Socie-
ties, etc., Sec. 304, p. 748.

Respondent cited:    Joyce on Insurance, Sec. 746; Bacon on
Benefit Societies and Life Insurance, Secs. 309-10; 19 R. C. L. p.
1298.

GATES, J.    For many years prior to his death one James
A. Gillette was a member of the defendant corporation, the Mood-
ern Woodmen of America, holding a $3,000 benefit certificate

payable at his death to his heirs at law. On July 12, 1918, he executed the following change of beneficiary on the reverse side of the certificate in accordance with the form prescribed by the society:

"I, James A. Gillette, the neighbor to whom this benefit certificate was issued, do hereby surrender and request the cancellation of this benefit certificate, and order that a new one shall be issued, in the amount of three thousand dollars, and shall be made payable to Florence Sheffield or Clara Louise Sheffield, who is related to me as sister and niece.        "James A. Gillette."

The certificate was forwarded by the local clerk of the society to the head office, where it was received on July 16, 1918. The insured died on July 18, 1918. On July 19, 1918, the head clerk returned the certificate to the local clerk with the following letter:

"Your letter of July 13th is received, inclosing Neighbor J. A. Gillette's request for change of beneficiary, for which I thank you. Much to my regret, the request is not acceptable owing to the fact that designations of beneficiaries in the alternative are not acceptable, under the society by-laws.

"I am, therefore, returning Neighbor Gillette's benefit certificate herewith, having attached to it a substitute request which please have him fill in and return at once.

"If Neighbor Gillette wishes to designate Miss Clara L. Sheffield as one of his beneficiaries in the substitute request, he should write a letter tracing clearly and definitely the relationship existing between them back to their common ancestor, as a niece is not eligible to be a beneficiary unless the relationship exists by blood and is not further removed than the first degree."

The niece, Clara Louise Sheffield, had been dead nearly five months prior to the death of insured.

In January, 1919, an action was begun by Florence Sheffield, whose true name is Flora Sheffield, against the defendant society for the recovery of the amount of the insurance under said benefit certificate and alleged substitution of beneficiary. The heirs at law were permitted to, and did, intervene, and served their complaint in intervention upon the society and upon plaintiff. The plaintiff answered. The society neither answered the original complaint nor the complaint in intervention, but made a formal appearance. Trial to the court without a jury. Judgment was

entered in favor of plaintiff, from which the interveners have appealed.

The by-laws of the defendant corporation provide:

"No payment shall be made upon any benefit certificate to any person who does not bear the relationship as wife, surviving child, legally adopted child, heir, blood relative, or person dependent upon or member of the family. of the member at the time of his death. * * *

"No change in the designation of beneficiary shall be effective until a new certificate has been issued by the head clerk and within the lifetime of the member. Any attempt by a member to change the payee of the benefits of his benefit certificate by will or other testamentary document, contract, agreement, assignment, or otherwise than by strict compliance with the provisions of this section shall be absolutely null and void. Any agreement entered into by the member by the terms of which he attempts to assign the benefits or any portion thereof agreed to be paid under the certificate to any other person than the beneficiary designated in the certificate shall be absolutely void. * * *

"In case of change of beneficiary or beneficiaries, the liability of this society shall continue under the old certificate until the new certificate shall have been issued by the head clerk."

In Stemler v. Stemler, 31 S. D. 595, 141 N. W. 780, this court, after quoting the substance of the above by-laws, said:

"This was a contract the parties had a right to make, and in order to effect a change of beneficiary this provision of the contract must be substantially complied with. There was no delivery of the old certificate to the head clerk or issuance of a new one during the lifetime of the insured member, and the old certificate was therefore in full force and effect at the time of the death of the said insured, and the right of the plaintiff to the proceeds of said original benefit certificate immediately upon such death became vested in plaintiff."

[1] It is clear that the alleged change in beneficiaries was not accomplished during the lifetime of the deceased in accordance with the rules of the order and contract of the parties, and, unless this case falls within the following exception to the rule, the court erred in entering judgment for the plaintiff.

In Stemler v. Stemler, supra, we further said:

"There is another class of cases that constitute an exception to the general rule, wherein the courts apply the equitable rule by decreeing that to be done which ought in equity to have been done. In cases where the insured has lost the original certificate, or where the original certificate is in the hands of some third party who will not or cannot deliver the same to the insured, he has been excused from making the actual surrender of the original certificate, and where, prior to his death, he has done everything within his power to comply with the requirements of his contract, where he has presented to the insurer the facts and requested the change of beneficiary prior to his death, and there remained nothing else to be done or that could have been done on his part, and nothing to be done on the part of the insurer except the issuance of the new certificate, under such circumstances the courts have decreed that that should be treated as done which should have been done, and held that the change of beneficiary had legally taken place, although, as a matter of fact, the new certificate had not been issued. Holden v. M. B. A., supra. Respondent contends the case present falls within the exception to the general rule last mentioned. We are of the opinion that this contention is not tenable. In the cases falling within this exception, all those matters and things which require the insurer to act in the matter of issuing the new certificate must have been done, performed, and in existence, and brought to the attention of the insurer prior to the time of the death of the insured, so as to place the insurer in the position where it ought to have issued the new certificate prior to the death of the insured. The time never arrived during the lifetime of Jacob Stemler, under the circumstances of this case, when the Modern Woodmen was required to or ought to have issued the new certificate, and the case at bar, therefore, is not within the exception to the general rule."

In order to justify the application of this equitable exception to the rule, we should be obliged to hold that the action of the company in refusing its assent to the application for change of beneficiary was arbitrary and capricious. When the insured submitted an ambiguous request for substitution of beneficiaries, it cannot fairly be said that he had done all that he could or should have done to effect the change. Consequently the groundwork falls upon which the equitable maxim rests, and the maxim has

no application.   We do not think the company acted arbitrarily in refusing to approve a substitution in the alternative.   To have assented thereto would have constituted an invitation for litigation.

In Kemper v. M. W. A., 70 Kan. 119, 78 Pac. 452, the court said:

"The contract ought to be sanctioned, as it makes certain who the beneficiary is and prevents complications and difficulties arising in determining the rights of conflicting claimants."

Neither do we think it arbitrary or capricious for the company to require a showing that, if a niece was to be made beneficiary, she must be a blood relative, and not a niece by marriage.

We are of the opinion that no reason is shown for bringing this case within the equitable exception to the rule, and that the decision in Stemler v. Stemler, supra, controls this case.

The judgment is reversed, and the cause is remanded, with directions to enter judgment against the defendant corporation in favor of interveners.

[2]   Costs will be taxed in this court and in the trial court in favor of interveners and against respondent.

WHITING, J., not sitting.